## PERRY v. PERRY.

### No. 5640.

Court of Civil Appeals of Texas. Amarillo.

May 29, 1944.

Riley Strickland, of Amarillo, for appellant.

George S. McCarthy, of Amarillo, for appellee.

PITTS, Chief Justice.

Appellant, D. B. Perry, filed suit November 16, 1943, against appellee, Lillian Perry, for a divorce, alleging that appellee had been untrue to him and thus violated her marriage vows. Appellant further alleged that he was an actual bona fide inhabitant of the State of Texas and had been such for a period of more than twelve months next immediately preceding exhibiting his petition and had resided in Potter County for more than six months next preceding the filing of his petition; that he and appellee were married on February 8, 1941 and lived together until a few months previous to filing suit; that they had no community property; that one

child, then two months old, was born to the marriage and that the child lived with appellee, in Seminole County, Georgia.

Appellee answered with a general exception, general denial and asked for alimony pending the outcome of the suit and for custody of and support for the child in the event a divorce be granted.

The trial court heard the case without a jury and rendered judgment on April 4, 1944, dismissing the case from the docket, assigning as a reason for the same that appellant had not satisfied the residence requirements of article 4631, Revised Civil Statutes of 1925, Vernon's Ann.Civ.St. art. 4631. From the judgment appellant perfected his appeal to this court with a motion to advance and the submission of the same was advanced on the docket of this court with the approval of appellee, who did not file a brief in the cause in this court.

The trial court filed findings of fact and conclusions of law which, in effect, are as follows: That appellant had established sufficient grounds for a divorce and would be entitled to the same if he had satisfied the law as to residence requirements; that appellant was a soldier in the armed forces of the United States Government; that he was a resident of the State of Georgia when he was inducted into such services and sent to Sheppard Field in Wichita County in June, 1942 and sent to Amarillo Field in Potter County more than six months prior to the filing of his suit; that he had expressed an intention to make Texas his home to some of his companions but that his expressed intentions to make Texas his home were not sufficient to meet the requirements of the law as to residence in that the intentions did not concur with any overt act fixing residence, nor had the intentions been associated with any fixed or established act. Conclusions of law were filed in accordance with the findings of fact.

Appellant complains that the trial court erred in finding that appellant's intentions to make Texas his home were not sufficient to meet the residence requirements as provided by article 4631, Revised Civil Statutes, and in concluding as a matter of law that appellant was not entitled to a divorce. Appellant contends that the facts in the instant case come clearly within the rules laid down by the opinion of this court in Struble v. Struble, Tex.Civ.App., 177 S.W. 2d 279, 285.

This court, in an opinion written by Associate Justice Heare in the Struble case, discussed and analyzed the facts raising similar issues in that case to those we find raised in the instant case. In the Struble case this court held as a matter of law that: "So far as residence is concerned, there must be more than intent; there must be more than physical presence; there must be a concurrence of overt act and bona fide intention to make and maintain a home in this state."

In the Struble case appellant testified that he had originally lived in New Jersey where he was engaged in business; that in 1940 as a civilian he visited various parts of Texas, including Amarillo, seeking a new business location for financial investments and was favorably impressed with Amarillo; that he then visited California and returned to New Jersey and disposed of all of his business interests in that state; that he definitely decided in 1940 to change his domicile from the State of New Jersey to Amarillo, Texas, where he planned to invest in a business and gave his reasons for such a change; that he disposed of his business in New Jersey late in the same year with a view of making the change and had continuously made his plans accordingly; that he had married in October, 1937, and his wife had abandoned him in January, 1938; that he was thirty-one years of age and subject to draft and military service and he therefore hesitated to re-enter business under the circumstances at the time but he "had formed a fixed and permanent intention to live in Texas permanently" and had never changed his mind; that he volunteered for military service on May 19, 1942, but intended then to return to Amarillo to live when he was discharged; that he had told others many times of his intentions to change his residence to Amarillo, Texas; that he chose Texas for military service because it was his home and was sent at his request to Sheppard Field, Wichita Falls, on May 21, 1942, where he kept and occupied at night a room at the Kemp Hotel; that he was transferred to the Amarillo Air Field, his home town, September 6, 1942, where he kept and occupied at night a room in the Amarillo Hotel; that he had volunteered to contribute to benevolent funds in Texas and claimed to be as good a Texan as any native-born Texan; that he had negotiated with a real estate dealer for the purchase of a lot in Amarillo on which to build a home; that he had negotiated and made a

tentative agreement to put in a men's clothing store in Amarillo after the war when he would be free to take active charge of it.

Appellant's testimony in that case was corroborated by many witnesses as to his previous statements of intention as well as to his physical acts.

Under such a statement of facts we held then in the Struble case, and believe now, that Struble established a concurrence of overt acts and bona fide intention to make and maintain his home in Amarillo, Texas such as met the requirements of residence as provided by article 4631, R.C.S., and that he was entitled to a divorce since that was the only reason he was denied a divorce by the trial court. We cited numerous authorities in that case in support of the opinion.

In the instant case appellant testified that he joined the army in September, 1938, in his home state at Fort Benning, Georgia; that he was sent to Camp Blanding, Florida; that he married in Georgia February 8, 1941; that he was transferred to Sheppard Field, Wichita Falls, Texas, June 1, 1942; that he was sent to Amarillo Air Field November 9, 1942; that he had lived in Texas continuously since June 1, 1942, and in Amarillo since November 9, 1942; that his wife joined him in Amarillo in December, 1942; that they separated and she left Amarillo March 1, 1943, and went back to Georgia; that he and his wife maintained and lived in an apartment in Amarillo until she left; that he was twenty-three years of age and was serving as warrant officer at the Amarillo Air Field; that he was transferred to Texas at his request because he had heard many good reports about Texas; that he had made the statement that he wanted to make Texas his home and that he had intentions of trying to get a place with one of the banks after the war was over; that he liked the way the Amarillo National Bank transacted business; that he had never established a business after he got out of school in Georgia and that he had no intentions of going back to Georgia.

Sergeant Paul Rounsaville testified that he was stationed at Amarillo Air Field and had known appellant about two years and that he had heard appellant make the statement many times that he intended to live in Texas after the war when he got out of military service.

Sergeant Elton H. Donanbauer testified that he was stationed at Amarillo Air Field and had known appellant eighteen months and that he had heard appellant state numerous times that he intended to make Texas his future home after the war when he got out of the military service.

H. J. Farwell of the Amarillo National Bank testified that he had known appellant for several months and had had business dealings with him many times; that appellant on one occasion left an inference that after the war he would like to work for the bank if there were any openings.

Article 4631, R.C.S., provides in part that:

"No suit for divorce shall be maintained in the Courts of this State unless the petitioner for such divorce shall at the time of exhibiting his or her petition, be an actual bona fide inhabitant of this State for a period of twelve (12) months, and shall have resided in the county where the suit is filed for six (6) months next preceding the filing of same."

There is no testimony of probative force in the record to the effect that appellant had been a bona fide inhabitant of Texas for twelve months before exhibiting his petition and of Potter County for six months next preceding the filing of his petition.

Viewing appellant's testimony in the most favorable light, we find that he testified that he had made the statement to others that he wanted to get a job with a bank and make Texas his home after the war and after he got out of the military service. He offered the testimony of other witnesses to corroborate his testimony to that effect. While appellant was recalled to the stand and testified that he was transferred to Texas by request, he had previously stated in response to questions propounded to him by the trial court that he went to Sheppard Field, Wichita Falls, Texas, June 1, 1942, because he was sent there by the Government and that he went to Amarillo because he was sent there by the Government, and to another question propounded to him by the trial court, he answered, "Yes, my home is in Georgia, Sir." Nowhere did appellant assert in his testimony that Texas was his home or domicile before exhibiting or filing his petition nor did he express any intention to make Texas or Potter County his home for

any time other than in the future, after the war was over and after he got out of the military service. It is a well-known fact to all of us that the war is not over yet and appellant testified that he was still in the military service at the time of the trial. The statute requires petitioner to be "an actual bona fide inhabitant" of the state immediately before filing and exhibiting a petition but makes no requirements about future residence or intentions.

We believe there is a vast difference between the facts in the instant case and the facts in the Struble case upon which appellant relies. The record showed that Struble decided and announced his intentions before entering the military service to leave New Jersey and move to Texas. He had visited Texas prospecting, returned to New Jersey, sold his business there and made his plans to move to Texas. His plans were followed up by other acts after he entered the military service in support of his intentions. He had told others many times before he filed a divorce suit that Texas was his home. Both his statements of intention and his acts in support of the same were corroborated by other witnesses, while the record in the instant case does not disclose any such intentions expressed by appellant and therefore no concurrence of any overt act in support of a bona fide intention.

We believe the trial court properly found that appellant did not meet the requirements of the law as to residence and that there was not a concurrence of an overt act with intention to fix residence in Texas and that the divorce was properly denied. Struble v. Struble, supra, and other authorities there cited.

We therefore overrule appellant's points of error and the judgment of the trial court is affirmed.