## PIPPIN v. PIPPIN.
### No. 11765.

Court of Civil Appeals of Texas. Galveston.
Feb. 14, 1946.

E. R. Berry (of Berry & Smither), of Huntsville, for appellant.

Burns & Burns, of Huntsville, and E. B. O'Quinn, of Marfa, for appellee.

CODY, Justice.

This is an appeal by the husband, plaintiff below, from the action of the court in sustaining a plea in abatement by the wife, defendant below, to his petition for divorce.

The husband has been a soldier in the United States Army by voluntary enlistments for the past seventeen years. He first enlisted in New Orleans in 1928. At the time he so enlisted he lived with his parents in Hattiesburg, Miss. He was stationed in Presidio County in 1932, when he married appellee. He filed his petition for divorce in the District Court of Walker County on May 25, 1945. He alleged that he had resided in the State of Texas as a resident in good faith for more than twelve months, and in the County of Walker for more than six months immediately preceding the filing of his petition, and that appellee resided in Presidio County, Tex. Though the merits of the suit were not reached it is not amiss to state that the grounds on which he sought a divorce was cruel treatment.

On July 6, 1945, appellee filed a plea of privilege to be sued in Presidio County, as being the county of her residence. On July 18, 1945, appellant filed his controverting plea and affidavit. In it he reasserted that he has been an actual bona fide resident of the State of Texas for more than a year, and of Walker County for more than six months next preceding the filing of his petition. He further asserted that he has been a soldier in the United States Army by voluntary enlistments for the past eighteen years; also, that since his marriage to appellee, when possible, he has taken her, and after their two children were born, the children, to a home established at the several Army Posts where he was stationed; and that when he was sent to Huntsville (in July 1944) he decided to establish his home there.

On November 23, 1945, appellee, subject to her plea of privilege, filed a plea in abatement alleging substantially:

That appellant at the time he filed this suit and for many years prior thereto is and has been an actual bona fide resident inhabitant of the State of Texas and the County of Presidio. That during all of such time he has been in the United States Army, and has never resided in Walker County, Tex. That during the recent war appellant was ordered to Walker County for military duty and service, and he went there as such soldier under orders, and not voluntarily, and has never done anything which will establish his residence there, but has maintained his residence in Presidio County at all times.

On November 24, 1945, the contest on the plea of privilege and the plea in abatement were heard apparently together. The court overruled appellee's plea of privilege, but sustained her plea in abatement. Appellant alone has appealed.

The only evidence heard on the contest of the plea of privilege and on the plea in abatement was the testimony of appellant. He testified in substance: That he married appellee in Presidio County, October 15, 1932, and rented a room in Marfa where they lived for three months, and he was then stationed in Brownsville, Tex. That he rented an apartment in Brownsville, Tex., and that he and his wife had their first child there; that he re-enlisted there from time to time, remaining there until 1940, when he was stationed at Fort Bragg in N. C. That he did not take his wife with him, but she joined him there. That they had their second child there. He remained at Fort Bragg for about two years, and until he was ordered overseas. That he returned from overseas in December, 1943, and was stationed at El Paso. That he was then, at his request, transferred to the Prisoner of War Camp at Huntsville, Walker County, and that he has been there about seventeen months. That he had spent a week-end in Huntsville in 1936, and liked the town, and wanted to make his home there, and send his son to school there.

He further testified that he rented an apartment in Huntsville, though accommodations were furnished him at the Camp. That he wrote his wife that he had the apartment and asked her to come to him, but she replied that she was going to stay with her mother in Marfa. He further testified that he went out to Marfa to see his wife and verbally asked her to come and live with him in Huntsville, and she refused to do so. That he then gave up his apartment as there was no use in keeping it if his wife would not come and live with him. He kept the apartment about a month. He testified that it was usual for soldiers to establish homes where they are doing a tour of duty. That he had always been given the choice of what post to serve at. That he expected to make the Army

his life work. That he had told a Mr. W. J. Bradham of Huntsville that he was going to make Huntsville his home. That he has to go wherever he is ordered to go, and that he does not know how long the War Prisoner Camp will be maintained at Huntsville.

In addition to his testimony stated above, appellant also testified that he had never intended to make, and never did make, Presidio County his residence, but that he did intend to make, and did not make Brownsville, Tex., his home. And that he did not expect to be long at Fort Bragg, and intended to return to Texas.

Appellant predicates his appeal on these four points:

I. That appellee did not discharge the burden of proof imposed on her to establish the facts upon which she based her plea in abatement.

II. That he, as husband, had the right to change the place of residence of his family to Walker County.

III. That he, though a soldier, could acquire a new residence in Walker County, whenever his intent to do so concurred with the physical facts, showing that he had done so.

IV. That his intention in July, 1944, to make Walker County his home, coupled with the things he did corroborating such intentions, make him, as a matter of law, a resident of Walker County for more than the six months period preceding the filing of his petition.

██ It will be noted that appellee's plea in abatement concedes that appellant is an actual bona fide resident of the State of Texas, and attacks appellant's qualification to bring a divorce action in the District Court of Walker County solely upon the asserted ground that he had not been an actual bona fide resident of Walker County for the required six months prior to the filing of the petition. As noted above, the trial court denied appellee's plea of privilege, but not upon the ground that appellant had proved venue facts that brought his suit within one of the exceptions of the venue act. So the court must have found that appellee had not proved that, for venue purposes, she resided in Presidio County. On the plea in abatement the burden of proof was on appellee. Therwhanger v. Therwhanger, Tex.Civ.

App., 175 S.W.2d 705; Bateman v. Bateman, Tex.Civ.App., 188 S.W.2d 866.

██ The rule applying to the acquisition of a new residence by a soldier is not different from that applicable to a civilian, but the required quantum of proof is different for obvious reasons. The rule is thus quoted with approval by the Supreme Court in Commercial Credit Corp. v. Smith, Tex.Sup., 187 S.W.2d 363, 366, "A soldier or sailor does not acquire a new domicile merely from being stationed at a particular place in the line of duty. His domicile remains the same as that which he had when he entered the service, unless he shows a change by proof of clear and unequivocal intention." But it is well settled that a soldier may, while he is such, acquire a domicile in Texas entitling him to resort to the courts to secure a divorce. Pettaway v. Pettaway, Tex.Civ.App., 177 S.W.2d 285; Struble v. Struble, Tex.Civ. App., 177 S.W.2d 279; Wells v. Wells, Tex.Civ.App., 177 S.W.2d 348.

██ After careful consideration of the evidence we have concluded that there was sufficient evidence to support a finding by the court that appellant was not an actual bona fide resident of Walker County for six months next preceding the filing of his petition for divorce. And this though the evidence consisted solely of testimony by appellant. The testimony of a party, an interested witness, to a positive state of facts may well establish the contrary, for the credibility of the witness is an issue. The burden upon appellee was to establish the negative of what appellant sought to establish by his testimony. Either the court did not believe that appellant intended in good faith to make Walker County his permanent residence when he went there on a tour of duty in connection with the Prisoner of War Camp, a project which in its nature is temporary, or he believed that the evidence was insufficient to establish such intention. No findings of fact were requested, and none were filed. Since there is evidence to support the court's ruling, we must, in the absence of findings of fact, presume, in support of the ruling, that he based his ruling on the evidence which would support it. We overrule appellant's first point.

██ To be sure appellant as the head of a family had the right to select the domicile of the family, but it was a question of

fact whether he in fact, selected and established his domicile in Walker County six months prior to filing his petition for divorce. The court concluded that he did not. Also, appellant, though a soldier, could acquire a new residence in Walker County, and we have cited authorities above so holding. But the court concluded from the evidence that he had not done so. Since we have held there was evidence to support the court's ruling on the plea in abatement, we overrule appellant's point that the evidence showed as a matter of law that he had established in good faith residence in Walker County six months before he filed this petition. We overrule appellant's points 2 to 4 inclusive.

The judgment is affirmed.

Affirmed.