**STUGARD v. STUGARD.**

No. 11679.

Court of Civil Appeals of Texas.

San Antonio.

March 5, 1947.

Kelley, Looney, McLean & Enochs, of Edinburg, for appellant.

Strickland, Ewers & Wilkins, of Mission, and Brewer, Matthews, Nowlin & Macfarlane and Grady Barrett, all of San Antonio, for appellee.

MURRAY, Justice.

This is an appeal by Bereniece Stugard from an order sustaining a plea in abatement and dismissing her petition for divorce. Appellant filed suit for divorce in the District Court of Bexar County, Texas, and appellee, Burl Stugard, her husband, filed a plea in abatement on the grounds that appellant had not been a resident of Bexar County for six months immediately preceding the filing of the divorce proceedings. Upon hearing, the plea in abatement was sustained and judgment entered dismissing the cause, from which judgment Bereniece Stugard has prosecuted this appeal.

The only question presented is the sufficiency of the evidence to support the action of the court. The Stugards have lived together in their home in Hidalgo County, Texas, for a number of years. In 1944 they purchased a home at 123 Park Drive in San Antonio, Bexar County, Texas, and from time to time they have stayed at this home. The title to the San Antonio home was taken in Bereniece Stugard's name.

In determining whether the evidence is sufficient to support the implied

finding of the court, to the effect that Bereniece Stugard had not resided in Bexar County for six months next preceding the filing of her petition for divorce, the evidence must be considered in the most favorable light to the conclusion reached. In 17 Tex.Jur. p. 910, § 410, it is stated: "If discarding all adverse evidence and giving credit to all evidence that is favorable to the successful party and indulging every legitimate conclusion that is favorable to him, a jury might have found in his favor, then it is to be concluded that there is evidence to support the verdict."

 There is evidence in the record to the effect that the house located at 123 Park Drive, San Antonio, was purchased because appellant was often making trips to San Antonio to consult doctors concerning her health, and during the war years it was difficult to get reservations in a hotel. Appellee also made trips to San Antonio. They both occupied this house while in San Antonio on these trips. In April, 1946, appellant was in Hidalgo County and lived with appellee in their home there for several days. On May 8, 1946, appellant left for Colorado, arriving there on May 9th, and remaining there continuously until she returned to San Antonio in September, 1946. Appellee was with appellant for four weeks in Colorado during that summer. The house on Park Drive was put up for sale in May, 1946, with appellant's consent. The divorce suit was filed on September 27, 1946, and this was the first intimation appellee had that appellant was claiming to be a resident of Bexar County. Appellee had his domicile in Hidalgo County continuously for a number of years, up to and including the date the suit was filed. There are two letters in evidence, one dated July 25, 1946, and the other, September 18, 1946, written by appellant to appellee. In the first letter she addresses him as "Dearest" and signed it with the Spanish words "Con amor," meaning, "With love." In the second letter she thanks appellee for his sweet letter and invites him to Colorado for a foot-ball game. She also suggests to appellee that he tell the San Antonio Music Company, from whom they are purchasing an organ intended for their home in Hidalgo County, that she did not want it

installed without her being present and that she would not be back until November. She concludes this letter with the words, "Lots of love." We think such evidence justifies and supports the implied finding of the trial court that appellant had not resided in Bexar County for six months next preceding the filing of her petition for divorce, as is required by the provisions of Art. 4631, Vernon's Ann.Civ. Stats. Dickinson v. Dickinson, Tex.Civ. App., 138 S.W. 205; Michael v. Michael, 34 Tex.Civ.App. 630, 79 S.W. 74; Brashear v. Brashear, Tex.Civ.App., 99 S.W. 568; Hunt v. Hunt, Tex.Civ.App., 196 S.W. 967; Renner v. Renner, Tex.Civ.App., 27 S.W.2d 635.

The judgment is affirmed.