**DAHL v. DAHL.**

No. 4859.

Court of Civil Appeals of Texas. Beaumont.

Dec. 11, 1952.

Rehearing Denied Jan. 7, 1953.

Cecil, Keith & Mehaffy, Beaumont, for appellant.

P. D. Renfro, and W. J. Baldwin, Beaumont, for appellee.

R. L. MURRAY, Justice.

This is an appeal from a judgment of divorce in favor of Alf J. Dahl, appellee, against Katherine Dahl, the appellant, in the Criminal District Court of Jefferson County. The case was tried to a jury and the jury found, in response to the three Special Issues submitted, that the appellee had been an inhabitant of the State of Texas 12 months and had resided in Jefferson County 6 months preceding the filing of his suit for divorce, November 17, 1951, and that the appellant had been guilty of cruel treatment or outrages towards the appellee of such a nature as to render their further living together insupportable. On the jury's verdict and on the further findings by the court that the material allegations in the appellee's petition for divorce had been established by evidence full and satisfactory to the court, judgment of divorce was entered. After her motion for judgment non obstante veredicto and her motion for a new trial were overruled, the appellant has perfected her appeal to this court.

Appellant's first point is that "it was error for the court to grant the divorce because the evidence conclusively showed that the plaintiff had not resided in the county and state for the statutory period of time." Appellee first filed suit against the appellant for divorce in the 60th District Court of Jefferson County, Texas in December, 1950. In that case the trial court sustained the plea in abatement and dismissed the case for the reason that appellee had not at that time been an inhabitant of the State of Texas 12 months nor an actual bona fide resident of Jefferson County for 6 months next preceding the filing of that suit. We affirmed that holding in an unpublished opinion dated November 1, 1951. The gist of that opinion and decision is that a question of fact was presented and that the decision of the trial court was supported by the evidence. The evidence in regard to the question of residence of the appellee established that he was a seaman and is the master of an ocean-going tanker in the employ of the Socony-Vacuum Oil Company; he had been captain since March 4, 1933; he was born in Norway but had been in the United States since 1916; he brought his first ship in to Beaumont, Texas in 1916 when the river was open to navigation. The Port of Beaumont was his home port and had been for all of these years. Captain and Mrs. Dahl were married May 26, 1926 at the City Hall in New York City and after they were married they first lived with her parents in Palisade Park, New Jersey. They lived there until 1928, moved into an apartment about six blocks from her parents' house and lived there for about five years. In 1934 they moved back to her mother's home and lived there until the date of their separation, July 4, 1949. He then moved to the Dixie Hotel in New York and lived there about two weeks. He then went to sea and then moved to 4980 Voth Road, Beaumont, Texas in Jefferson County on September 25, 1949. At that address he rented a room in the home of a friend, a Mr. Forsythe. Since that time when he had not been at sea on an ocean-going voyage he has stayed at that address. In December, 1950, he was there three months while he was on vacation. Then he was at sea, going to Japan, Persian Gulf, France, Holland and Australia. In December, 1951 he again came back to Beaumont and stayed two and one-half months. On the 17th day of December, 1951, he joined his ship in Providence and came back to Beaumont on Christmas Eve. He sailed again on Christmas morning to Norfolk, Virginia, and came back to Beaumont in January, 1952. The ship came in one night and left the next morning. He got back to Beaumont again on January 17th, stayed at his home address, 4980 Voth Road, over night and sailed for Boston the next morning. He was back in Beaumont on January 30th and had been staying there until time of the trial, February 6, 1952. His social security card lists his address as 4980 Voth Road, Beaumont, Texas and was dated February 28, 1950. His statement of income taxes paid and withheld by his employer from his wages lists his residence as 4980 Voth Road in Beaumont, Texas. A contract made between Captain Dahl and Mrs. Dahl in the office of her attorney in Hackensack, New Jersey, dated October 13, 1949, for an as-

signment of his wages to her for support recites in part "whereas I, Alf J. Dahl, residing at 4980 Voth Road, Beaumont, Texas, herein called assignor \* \* \*." He paid his poll tax for 1950 and 1951 as a resident of 4980 Voth Road, Beaumont, Texas. He received a letter from Mrs. Dahl in her handwriting, dated November 16, 1951, addressed to him at 4980 Voth Road, Beaumont, Texas. By the letter she suggested to him that they continue their married life together without any further interruption and announced that she was willing to take up residence wherever he determined it should be. This letter was received after he filed his suit for divorce. In all of his reports to his employer, 60 or 70 a trip, he had designated Beaumont, Texas as his place of residence since 1949. His license as a master of seagoing vessels was renewed in 1951 and for such renewal he designated Beaumont, Texas, as his place of residence.

Captain Glenn Wortham, a member of Sabine Pilots, testified that he was a friend of Captain Dahl and that for approximately two and one-half years he had discussed with Captain Dahl his intention to move to Beaumont, Texas; that he visited him at his home at 4980 Voth Road several times in the "last two years." He mailed him Christmas cards in 1950 and 1951 to his Beaumont address.

One of the agents of his employer testified that he had known Captain Dahl 20 or 25 years, that he had discussed with him the fact that he was moving his home address from New Jersey to Beaumont, Texas in 1949 or 1950, and that he had received letters from Captain Dahl giving his address as 4980 Voth Road, Beaumont, Texas since the Fall of 1949. This agent, Mr. Troy Cousins, testified further in regard to ocean-going vessels and their itineraries. They have no specific day when they go to sea but they go to sea and complete the voyage they are on and await orders for another voyage, but ships coming in to Beaumont load in about 12 hours and then they sail again. The men sometimes have a vacation period of three months and when they are not on vacation they are away at sea.

We think the evidence is sufficient to support the findings of the jury and the trial court that Captain Dahl had established residence in Beaumont, Jefferson County, Texas, and had at the time this suit was filed been an actual bona fide inhabitant of the State of Texas and had been an actual resident of Jefferson County for six months next preceding the filing of his suit. It is true that he has not been actually in his home at 4980 Voth Road, Beaumont, Texas, all of that time but it is apparent that when he was not there he was pursuing his calling of captain of ocean-going vessels at sea, and in various ports of the world. It is also apparent that when he was not in Jefferson County, Texas he was in no other part of the United States except when he was on duty with his ship. He is, therefore, not a person who is claiming residence in one state or county and actually residing in another. What time he actually spent residing anywhere on land was spent in Jefferson County, Texas. Since he was a sea-going man, whose occupation required that he be absent from his home a great deal of the time, he falls within the category of those whose occupation frequently and for long periods of time require their absence from home. Under these circumstances it is reasonable to hold that an individual who follows the calling of a seaman should be considered a resident of the county and state to which he returns and intends to return after his business is finished and when his calling will permit him to return. See: Jones v. Jones, Tex. Civ.App., 176 S.W.2d 784 and cases cited.

The appellant argues that the appellee had been physically present in Jefferson County only a small percentage of the time for the last two years, and quotes from various cases which held that residence had not been established for the purpose of filing suit for divorce. We note in all of these cases quoted from and relied upon by the appellant, Nolen v. Nolen, Tex.Civ.App., 196 S.W.2d 529, 531; Pippin v. Pippin, Tex. Civ.App., 193 S.W.2d 236; Pettaway v. Pettaway, Tex.Civ.App., 177 S.W.2d 285, the holding of the court was that the testimony presented an issuable fact as to residence; that the trial judge had found that residence

had not been established and the evidence was such that it supported a negative finding by such trial court. We believe the same situation prevails here, except that in this case the trial court and jury found that Captain Dahl had established a residence in Jefferson County, Texas. We believe the evidence presented a fact issue and that it was sufficient to support the findings of the trial court. The appellant's first point is overruled.

■ The appellant's second point is that "it was error for the court to grant the divorce for the reason that the evidence was not clear, convincing and complete in establishing that the plaintiff had any grounds for divorce under the cruelty provisions of the divorce statute, Subsection (1) of Article 4629, and the jury's findings to such effect and the court's adoption thereof are consequently without support in the substantial evidence." The appellant argues that the evidence is not sufficient to sustain the findings of the court and jury of cruel treatment on the part of Mrs. Dahl to Captain Dahl, which would render their further living together insupportable. Captain Dahl testified that trouble started between them in 1934 and continued until their separation in 1949. Mrs. Dahl is a catholic and Captain Dahl is a protestant and at one time immediately after their only child died she attempted to have him change his religion to hers, "or he could not live with her at her mother's house anymore." Mrs. Dahl wanted to live with her parents in New Jersey, where she actually did live, and Captain Dahl wanted to buy a home and live elsewhere. He testified that he had given her every pay check he had ever made and the most he had gotten back was $32 out of a $632 check. She kept the money in her name in the bank and he did not write checks on it. He asked her to move away from her family and she would not move. In 1946 he asked her to move to another apartment and when he came in port at New Orleans after he had been 15 months at sea he asked her to meet him at the airport in New York. This she refused to do because her mother had broken her leg and when he arrived in New York to see her she and her mother were

going shopping and asked him to go along if he wished to. He continually was given the impression that he was not wanted in the home of her parents and had no business there. This went on for years and years. At the final date of separation when he had come home to see her she refused to go to bed with him and then he asked her again if she had gotten an apartment and she said no she was not going to get one, she was going to stay where she was and if he didn't like it there he could get out and the sooner he got out the better she would like it because she was sick and tired looking at him. He left and since that time they have not lived together as husband and wife. From Mrs. Dahl's testimony it was established that some 60 days after he had left at the time of the final separation she had him arrested for nonsupport and that she then had in her possession all of the community property accumulated by them consisting of stocks, bonds and an automobile, of the total value, according to her, of over $15,-000. Under this testimony and the findings of the jury and the trial court we are unwilling to say that such actions on the part of the appellant do not amount to such cruel and unusual treatment as would render their further living together insupportable, and appellant's second point is overruled.

■ Appellant's third point is that the court erred in denying counsel fees due appellant's counsel for services rendered in a prior suit brought by appellee. The appellee, Captain Dahl, brought a suit for divorce in Jefferson County, Texas, about one year before he brought the present suit. In that suit the trial court sustained Mrs. Dahl's plea in abatement, holding that he had not resided in the county and state for a sufficient length of time before bringing suit. In the prior suit Mrs. Dahl's answer contained a plea for attorneys' fees to be charged against Captain Dahl. Her attorneys did not prove up any claim for attorneys' fees in said former suit. In the judgment in the instant case the court found that Mrs. Dahl had paid her attorneys the sum of money which she had agreed to pay them. We note also from

the record that at the time such payment was made Mrs. Dahl had in her possession cash, bonds and stocks accumulated from the earnings of Captain Dahl during their marriage of the approximate value of $14,-000. Since there is no specific statute in Texas regarding attorneys' fees for the benefit of the wife in divorce matters, attorneys' fees are usually allowed her in such cases as being necessaries for which community and the husband's separate property are both liable under proper circumstances. See: Moore v. Moore, Tex.Civ.App., 192 S.W.2d 929. We believe here that the fact that Mrs. Dahl had paid her attorneys for the first lawsuit, presumably out of the funds in her possession belonging to both of them, and that she did not prove up or fix a claim for attorneys' fees in the first suit at the time it was disposed of, was sufficient ground for approving the action of the trial court in the second case in denying recovery of attorneys' fees for services rendered in the first case. In addition, it appears that on the theory of the husband's duty to provide necessaries for his wife, Captain Dahl would not be liable here for attorneys' fees rendered and paid for in the first suit any more than he would be for the amount of a grocery bill which she had paid out of the funds with which he had provided her. The appellant's third point presents no error and it is overruled.

The appellee by his fourth counter-point complains it was error for the trial court in the present case to render judgment against him in favor of Mrs. Dahl for her attorneys' fees in the present case, and asks that the judgment be reformed and that said attorneys' fees be denied, or that they be charged against the community property to be paid by Mrs. Dahl. The appellee did not except to the entry of the judgment of the trial court complained of, nor did he file a motion for a new trial in the matter of attorneys' fees in the present case, and his objection thereto was never presented to the trial court. On the authority of Poss v. Anderson, Tex.Civ.App., 188 S.W.2d 726 and Walker-Smith Co. v. Coker, Tex.Civ.App., 176 S.W.2d 1002, we cannot consider the appellee's complaint contained in his fourth counter-point. This court is without jurisdiction to consider the cross-assignment of error, because the appellee did not except to the judgment entered by the trial court.

The judgment of the trial court is affirmed.