**HAMMERSTEIN v. HAMMERSTEIN.**

**No. 15508.**

Court of Civil Appeals of Texas.

Fort Worth.

June 11, 1954.

W. Scott Clark, Fort Worth, for appellant.

Robert Allen, Fort Worth, for appellee.

BOYD, Justice.

On April 23, 1954, we entered judgment affirming the judgment of the trial court. After further study of the case on motion for rehearing, we have reached the conclusion that we were in error in so doing. The former opinion is hereby withdrawn and the following substituted therefor.

In her original brief appellant states that she filed a plea in abatement to appellee's cause of action on the ground that appellee had not been a bona fide inhabitant of the State of Texas for twelve months and had not resided in Tarrant County for six months next preceding the filing of the suit, and that said plea was duly presented to the court and was overruled. Such statements in appellant's brief are not challenged by appellee and this Court need not look to the record but will accept appellant's statements as being correct. Rule 419, T.R.C.P.; Looney v. Traders & General Ins. Co., Tex.Civ.App., 231 S.W.2d 735; Donnelly v. Donnelly, Tex.Civ.App., 220 S.W.2d 278; Stewart v. Basey, Tex. Civ.App., 241 S.W.2d 353; Gonzales v. Gonzales, Tex.Civ.App., 224 S.W.2d 520; Morales v. Roddy, Tex.Civ.App., 250 S.W. 2d 225; Young v. Howze, Tex.Civ.App., 216 S.W.2d 988; Leavell v. Lincoln County Mut. Fire Ins. Co., Tex.Civ.App., 243 S.W. 2d 223; Allen v. Herrera, Tex.Civ.App., 257 S.W.2d 753.

Appellant's point for reversal is that the court erred in overruling the plea in abatement because the evidence shows conclusively that appellee does not have residential qualifications to maintain the suit, in that he has not been an actual inhabitant of the State for twelve months, nor a resident of Tarrant County for six months, next preceding the filing of the suit.

Appellee is a soldier and is stationed at Carswell Air Field, in Tarrant County, Texas. He arrived there on August 5, 1952. He enlisted in the Army in Harrisburg, Pennsylvania, in 1931. In 1934 he was discharged from the Army and returned to Harrisburg, living there until February 25, 1935, when he reenlisted. He was discharged on May 2, 1940, and returned to Harrisburg, where he lived until September, 1943, when he reenlisted. He was again discharged in February, 1946, and returned to Harrisburg, where he lived until he reenlisted on April 5, 1947. He has been in the Army continuously since then, and was stationed in various camps until being sent to the Philippines in September, 1950. From the Philippines he was transferred to Carswell Air Field. The last time he voted was in 1951 in Pennsylvania. Appellee testified that he intended to live in Fort Worth and make it his home after leaving the Army. The court asked him what his military records showed his home to be at the time of the trial, and he answered, "Harrisburg." The court asked further whether he had "any other factor" to show intent to live in Fort Worth, other than his own testimony. He answered, "No, sir." There was no other testimony on the point.

In Commercial Credit Corporation v. Smith, 143 Tex. 612, 187 S.W.2d 363, it was held that domicile is not changed by one's being stationed at a place in the line of duty while in the Army, unless the con-

trary is shown by clear proof. To the same effect is the holding in Pippin v. Pippin, Tex.Civ.App., 193 S.W.2d 236, 238.

"'A soldier or sailor does not acquire a new domicile merely from being stationed at a particular place in the line of duty. His domicile remains the same as that which he had when he entered the service, unless he shows a change by proof of clear and unequivocal intention.' * * *" 15 Tex.Jur., p. 716, sec. 6.

In Gallagher v. Gallagher, Tex.Civ.App., 214 S.W. 516, 518, the plaintiff was ordered to San Antonio by the Army in 1915, and lived there a year before serving in Mexico. He was ordered back to San Antonio in July, 1917, and there filed suit for divorce September 23, 1918. He testified he would retire in 1919 and intended to settle in San Antonio. The court said: "* * * He was in Bexar county, not of his own volition, but under the inexorable commands of military authority. * * * It would be a dangerous precedent to establish, and would open the floodgates for divorce seekers from all parts of the Union, if mere intention, unexpressed and uncorroborated by any evidence, can fix a domicile in the purview of our divorce statutes. * * *"

In Wilson v. Wilson, Tex.Civ.App., 189 S.W.2d 212, 213, the plaintiff was stationed at Sheppard Field in Wichita County for three years. He talked to a Mr. Norwood of Wichita Falls about going into business there after the war and talked to others about going into business in Texas. He and his wife lived in an apartment in Wichita Falls. He was planning to marry a Wichita Falls girl after the divorce, suit for which was filed in Wichita County. The plea in abatement was sustained, the court saying: "* * * The testimony of the party as to an intention to establish the new domicile is not enough, when not accompanied by any act or declaration showing such intent. * * *"

In Perry v. Perry, Tex.Civ.App., 181 S.W.2d 133, 136, the plaintiff was from Georgia and entered the service there and was ordered to Sheppard Field, and then to Amarillo, in Potter County, Texas. He and his wife were living in Amarillo when they separated. He filed suit for divorce in Amarillo on November 16, 1943. He had been in Texas since June, 1942. Some of his friends corroborated his testimony that he intended to live in Amarillo after he got out of the Army. One bank official testified that the plaintiff had inquired about a job with the bank after his discharge. The court said, "We believe the trial court properly found that appellant did not meet the requirements of the law as to residence and that there was not a concurrence of an overt act with intention to fix residence in Texas and that the divorce was properly denied. * * *"

In Klingler v. Klingler, Tex.Civ.App., 254 S.W.2d 817, the plaintiff married in New York in 1942, and lived there with his wife until he reenlisted in the Army in March, 1949. He was sent to Texas in February, 1950, and since that time he had been stationed either at the Army Air Base in Lubbock County or the Army Air Base in Howard County. He filed suit for divorce in Howard County on May 5, 1952. His wife had remained in New York. The plaintiff testified that he had contracted for the construction of a home in Big Spring, and had already paid thereon the sum of $750, and had bought additional material for its construction. The trial court sustained the defendant's plea in abatement, and on appeal the judgment was affirmed.

In Wells v. Wells, Tex.Civ.App. 177 S.W.2d 348, the plaintiff entered the Army while living in Childress, Texas, and had been stationed in San Angelo, in Tom Green County, about nine months when his divorce suit was tried. He testified that he intended to live in San Angelo after the war and marry a San Angelo girl. A divorce was granted by the trial court, and upon an appeal the judgment was reversed and the cause dismissed, the court holding that the plaintiff failed to establish "'upon full and satisfactory evidence'" that he had resided in Tom Green County six months next preceding the filing of the suit.

We are compelled to hold that the evidence in this case established appellee's lack of residential qualifications to maintain a divorce suit, and that the court erred in overruling the plea in abatement.

The judgment of the trial court is reversed and judgment here rendered that appellant's plea in abatement be sustained.