Charlene GOFORTH, Appellant,

v.

Curtis R. GOFORTH, Appellee.

No. 3529.

Court of Civil Appeals of Texas.

Eastland.

April 29, 1960.

Brady, Drake & Yates, Dallas, for appellant.

C. O. McMillan, Stephenville, C. C. Hampton, Comanche, for appellee.

COLLINGS, Justice.

This is a divorce suit brought in Comanche County by Curtis R. Goforth against his wife, Charlene Goforth, on the ground of cruelty. The defendant filed a plea in abatement alleging that the court should not entertain the suit, but should abate same, because plaintiff was not and

had not been an actual bona fide inhabitant of the State of Texas for one year nor a resident of Comanche County for the last six months prior to filing said suit as required by Article 4631, Vernon's Ann.Tex. Civ.St. The case was tried before the court, the plea in abatement overruled and judgment rendered granting plaintiff a divorce as prayed, providing for custody of two minor children to be in defendant, Charlene Goforth, except for the summer months of June, July and August, when temporary custody was given to plaintiff, and providing that plaintiff should pay to defendant $50 per month per child for the care and support of said children. Charlene Goforth has appealed.

Appellee Curtis R. Goforth alleged in his petition for divorce filed on June 4, 1959, that he was a resident of Comanche County, Texas, at the time of and for at least six months preceding the filing of his suit and that he had, for a period of twelve months prior to the filing of his petition, been an actual bona fide resident of the State of Texas. Appellee testified upon the trial on October 29, 1959, that his home was at Comanche, Texas, on East College Street, Number 315; that since he and his wife separated about a year and a half prior thereto, he had lived and made his home with his father and mother in Comanche; that they first lived in the Comanche Hotel which was operated by his father and mother; that about five months prior to the trial his father and mother bought a house at 315 East College Street in Comanche where he with his parents has since resided. He testified that he had worked as a truck driver for Auto Convoy Company of Dallas, Texas, for about six or seven years; that the home terminal out of which he worked was in Quopaw, Oklahoma; that he got his orders from the office in Quopaw and operated a truck, delivering automobiles at various places in Oklahoma and Texas or at any other place his employers directed him to go; that in the course of his employment he was obligated to be available at Quopaw, and that

he had his pay checks mailed to the bank at Quopaw where he would go to "pick up" his money. He testified that his employers paid his lodging except when he stayed in Quopaw, but that he did not maintain a residence there from month to month; that when he was there it was usually for one night and he just went in and paid for that night. He stated that he got his mail at Box 875, Comanche, Texas, and that the box was in his father's name; that his company sends his mail to that address; that any mail sent to him at Quopaw would go to the terminal headquarters. He testified that he had a room in his father's and mother's home and that his winter clothes were there. He stated that when the Ford plant shut down to change models or when he was laid off on account of seniority, or for any reason his work would stop, he would stay at his home in Comanche with his father and mother. He stated that he was laid off for a total of about six months during the preceding year and that when he was "off" he stayed in Comanche with his parents; that when he was eligible to go back to work he was notified by registered letter addressed to Box 875, Comanche, Texas. He stated that it was his intention and had been for the one and one-half years since he and his wife separated, for Comanche, Texas, to be his home.

Two witnesses who resided in Comanche, Texas, were called by appellant, both of whom were casually acquainted with appellee. One of these witnesses testified that he didn't have any idea where appellee lived. The other stated he didn't know where appellee lived; that he didn't see him very often and based upon this he would think appellee lived away from Comanche. Appellant also introduced the deposition of Mr. J. T. Bryant, the personnel manager for appellee's employer, Auto Convoy Company, in Dallas, Texas. Mr. Bryant testified that appellee Goforth was an employee of the company under his supervision and that appellee's job was to transport and deliver automobiles; that appellee's home terminal, as shown on the seniority roll, was

Quopaw, Oklahoma, and that he worked out of that terminal most of the time; that a terminal is where "we interline with other carriers"; that Fords and Mercurys and other cars were brought to Quopaw from St. Louis or Detroit; that appellee might come by Dallas and get a load if he had a load to Dallas; that he might go to Houston, or to the valley. Mr. Bryant further testified that the only address the company had for appellee was General Delivery, Commerce, Oklahoma, until August 29, 1959, when he gave the company the address of Post Office Box 875, Comanche, Texas; that the company considered Quopaw as the place where appellee was stationed, had his residence, and was required to be available to go to work.

■ The requirements of Article 4631, V.A.T.C.S., a bona fide inhabitancy of the State for a period of twelve months and residence in the County where suit is brought for six months next preceding the filing of same are not jurisdictional but are facts constituting qualifications upon the right of a plaintiff to maintain a divorce suit. Aucutt v. Aucutt, 122 Tex. 518, 62 S.W.2d 77, 89 A.L.R. 1198.

■ Where, as here, the question of a plaintiff's residential requirements are raised in a plea of abatement, the burden of proof is upon the defendant to establish by a preponderance of the evidence that such residential requirements do not exist. 1 Tex.Jur.2d 104; Robertson v. Ephraim, 18 Tex. 118; Pippin v. Pippin, Tex.Civ.App., 193 S.W.2d 236. The trial court was the judge of the credibility of the witnesses and of the weight to be given to the testimony. Nolen v. Nolen, Tex.Civ.App., 196 S.W.2d 529. After a consideration of the evidence, we are of the opinion that appellant herein, who was defendant in the trial court, did not meet the burden of establishing contrary to the presumed finding of the court that appellee was not a resident of Comanche County for a period of six months prior to the filing of this divorce suit, and was not a bona fide inhabitant of the State of Texas for a period of more than one year prior to the filing of such suit. The court therefore did not err in overruling the plea in abatement. The undisputed evidence does show that appellee's work carried him at times to other states and to many places in Texas other than Comanche County which he claimed as his home and place of residence. But appellee was separated from his wife. His father and mother lived in Comanche and the evidence supports the conclusion that he desired and intended to make his home with them. The evidence also shows that the nature of his work was such that he was "laid off" a large part of the time and that he always spent such periods of time with his parents in Comanche where he had a room and kept his clothes. Under these circumstances appellee had the right to choose and claim Comanche County, Texas, as his domicile and place of residence and to bring suit for divorce therein. See Dahl v. Dahl, Tex.Civ.App., 253 S.W.2d 691; Burk v. Burk, Tex.Civ.App., 255 S.W.2d 908; Hogue v. Hogue, Tex.Civ.App., 242 S.W.2d 673.

■ After overruling the plea in abatement the court proceeded to hear the case on the merits and rendered judgment for appellee. Upon a trial on the merits the burden is on the plaintiff to establish the existence of statutory residential requirements. Therwhanger v. Therwhanger, Tex.Civ.App., 175 S.W.2d 704. There is no statement of facts showing the evidence heard by the court at the hearing on the merits, and in the absence thereof, it is presumed that the trial court heard evidence sufficient to sustain the judgment rendered. Clare v. Clare, Tex.Civ.App., 138 S.W.2d 220; Stugard v. Stugard, Tex.Civ.App., 200 S.W.2d 832.

Appellant's points are overruled and the judgment of the trial court is affirmed.