**Iris PUZICH, Appellant,**

v.

**Paul PUZICH, Appellee.**

No. 7532.

Court of Civil Appeals of Texas.

Amarillo.

Dec. 13, 1965.

Reynold M. Gardner, Amarillo, for appellant.

Miller, Sanders & Baker, Amarillo, for appellee.

DENTON, Chief Justice.

The appellant Iris Puzich obtained a divorce from appellee Paul Puzich, and the appellee was awarded custody of their minor daughter on a cross-action. The trial court, in a non-jury trial, also divided the community property and allowed appellant her attorney's fees. The plaintiff below appeals from that portion of the judgment awarding custody of the minor child to appellee, defendant below. The record contains no findings of fact, conclusions of law, or a statement of facts.

Appellant contends that the portion of the judgment which grants her a divorce on one hand and that portion which denies her custody of the child are inconsistent and in

conflict; that the facts do not support the action of the trial court in awarding custody to appellee; and that the trial court abused its discretion in awarding custody to appellee.

 The contention that appellant having been granted a divorce from appellee on the ground of cruel treatment she should not be deprived of the custody of their minor child has been specifically rejected by Norris v. Norris (Tex.Civ.App.), 46 S.W. 405. There the court upheld the judgment of the trial court awarding the custody of one child to the father and one child to the mother, who was granted the divorce. The court was of the opinion the trial court did not abuse its discretion under the record. In the instant case where there is no statement of facts, the trial court's custody award would be much less subject to reversal.

All of appellant's points of error have to do with the question relating to the sufficiency of the evidence presented to the trial court. It is elementary that in the absence of a statement of facts it must be presumed on appeal that there was sufficient evidence to support the findings and the judgment of the trial court. Goforth v. Goforth (Tex.Civ.App.), 335 S.W.2d 281; Gilleland v. Meadows (Tex.Civ.App.), 351 S.W.2d 656; Insurance Company of St. Louis v. Bellah (Tex.Civ.App.), 373 S.W.2d 691. It is an exceptional case in which an appellant is entitled to a reversal of a trial court's judgment in the absence of a statement of facts. Houston Fire & Casualty Ins. Co. v. Walker, 152 Tex. 503, 260 S.W.2d 600. This is not such a case, particularly where the very crux of the question involves the sound discretion of the trial court. In the absence of a statement of facts, there is nothing for this court to review to determine whether or not there was an abuse of discretion.

Upon consideration of this record as a whole and as presented here without a statement of facts, we are unable to hold there is any reversible error shown. City of Galveston v. Hill, 151 Tex. 139, 246 S.W.2d 860. We affirm the judgment of the trial court.