## PIPES et al. v. PIPES. (No. 9376.)

Court of Civil Appeals of Texas. Galveston. Dec. 19, 1929.

C. G. Krueger and J. Lee Dittert, both of Bellville, for appellants.

Roy Johnson, of Galveston, for appellee.

GRAVES, J. This is an appeal from a judgment of the court below granting the appellee a divorce from appellant, as well as the custody of their minor child.

Among other grounds, the judgment is assailed upon the contention that the evidence failed to show that the appellee had been a resident of the county of the suit for the six months next preceding the filing of her petition for divorce; this position is well taken, and must be sustained.

The original petition of the plaintiff for the divorce was filed in the Tenth district court of Galveston county on December 22, 1928; whereas the undisputed evidence, much of it from the appellee herself, showed that the parties had left Galveston county on October 16, 1928, going to Austin county, where they lived together until November 21, 1928, and then separated, the husband continuing to live thereafter in Austin county, while the wife, after a further interval, returned to Galveston county; these conditions continued up to and subsequent to the filing of the petition on December 22, 1928. Since the husband never after leaving Galveston county on October 16th returned to or lived with his wife in that county, but continuously maintained his residence from that date on in Austin county, under all the authorities, his domicile was hers up to at least the date she thus last lived with him, so that she could not in law have been residing in Galveston county for the required six months immediately preceding the filing of her suit. Jones v.

Jones (No. 9339) 21 S.W.(2d) 559, decided by this court October 10, 1929; Michael v. Michael, 34 Tex. Civ. App. 630, 79 S. W. 74, 75; Brashear v. Brashear (Tex. Civ. App.) 99 S. W. 568; Hunt v. Hunt (Tex. Civ. App.) 196 S. W. 967.

It follows that the trial court was without jurisdiction to entertain the suit; its judgment will therefore be reversed, and the cause will be dismissed.

Reversed and dismissed.