### NOLEN v. NOLEN.

No. 9575.

Court of Civil Appeals of Texas. Austin.

July 17, 1946.

Rehearing Denied Oct. 2, 1946.

Lawrence L. Bruhl, of Llano, and Raymond Furr, of Austin, for appellant.

Wright Stubbs, of Austin, for appellee.

BAUGH, Justice.

Appeal is from a judgment of the district court granting appellee a divorce from appellant, custody of their 2-year old daughter, and certain other relief not material here. Appellant, defendant below, raised by plea in abatement, the issue of appellee's residence in Travis County for six months next preceding the filing of said suit. See Art. 4631, R.C.S., Vernon's Ann.Civ.St. art. 4631. This was a contested issue upon the trial, was decided against appellant, and is the only issue presented on this appeal.

It now seems settled that the "full and satisfactory evidence" rule prescribed by Art. 4632, R.C.S., applies to the issue of residence as well as to the grounds for divorce. Gallagher v. Gallagher, Tex.Civ. App., 214 S.W. 516; Wells v. Wells, Tex. Civ.App., 177 S.W.2d 348. However, it is a fact issue to be determined by the court or jury, who must, as in other civil suits, pass upon the credibility of the witnesses and the weight to be given their testimony. And where the testimony is conflicting and the issue of credibility is directly involved, the findings of the trial court based thereon should not be disturbed unless there is a clear abuse of discretion. See Mortensen v. Mortensen, Tex.Civ.App., 186 S.W.2d 297, and numerous cases therein cited and reviewed. In making findings based upon such conflicting testimony the trial court clearly had the right to disbelieve the testimony of appellant and give full credence to that of appellee and her sister, these three being the only witnesses who testified. In passing upon the sufficiency of such evidence on appeal, this court should follow the rule applicable in other cases, of considering only the testimony supporting the trial court's judgment.

Appellant and appellee were married in August 1940. At that time appellant resided in Llano County and appellee resided with her sister in Austin, Travis County. While appellant denied that they thereafter continuously resided in Travis County up and until he was inducted into the

military service in July 1942, according to his own testimony they did not establish a residence elsewhere; and both appellee and her sister testified that except for short visits elsewhere they did continuously live with appellee's sister in Austin from the date of their marriage in 1940 up to the time he entered the military service in July 1942; that appellee continued to reside at the same place during the three years and three months he was in the army; that their child was born there; that appellant returned to her at this Austin residence upon his discharge from the army on October 21, 1945. Thus we think residence in Travis County was definitely established.

But appellant insists that he moved their household furniture on December 13, 1945, to a house owned by him at Kingsland, Llano County, to make their home there with animus manendi; that he had the legal right to select such domicile; that his wife accompanied and lived with him in such residence until January 9, 1946, when she left him because of cruel treatment and returned to Austin, Texas, where she filed this suit on January 30, 1946. That consequently her residence was in Llano County from December 13, 1945, to January 9, 1946, and not in Travis County. As sustaining this contention appellant relies on the cases of Jones v. Jones, Tex.Civ.App., 21 S.W.2d 559; and Pipes v. Pipes, Tex. Civ.App., 23 S.W.2d 751, particularly on the latter case.

It is settled law that ordinarily the husband has the right to select the family domicile, which thereupon becomes that of the wife. 23 Tex.Jur., § 8, p. 18. But such power is not an arbitrary one. Such a selection must be reasonable, made in good faith, with proper regard for "the wife's health, comfort, reputation and the like." In the cases above cited the selection by the husband of a new domicile was not questioned, but admitted. In the instant case, conceding the right of the husband to make such selection, the question here presented is whether he had done so in good faith so as to change their residence from Travis County to Llano County. The trial court obviously decided that he had not. While he testified that he had continuously owned a house and lot in Kingsland since prior to their marriage, he admitted that a church owned the land; that he had only bought the three-room house; and that his father and mother had lived in it up to November 8, 1945.

Appellee's testimony was that she had gone down-town in Austin on December 13, 1945, and upon her return home she found their furniture loaded on a truck for removal to Llano County. That she protested to appellant who then told her: "He said he wanted to get the furniture up there until after Christmas so his friends and his kinfolks could have a place—a nice place to hunt and fish and spend their days and nights. * * * Then he said we would go back to Austin after Christmas and he would get a job and make this our home."

Thus there was presented the issue of a bona fide change of an established residence; and the trial court was warranted on the conflicting testimony in finding that no bona fide change of residence from Austin had been made. Consequently appellee's absence from Austin during such interval could be regarded as only temporary, which may be disregarded in determining the statutory period of residence. Haymond v. Haymond, 74 Tex. 414, 12 S. W. 90; Black v. Black, Tex.Civ.App., 185 S.W.2d 476, and cases therein cited.

The judgment of the trial court is therefore affirmed.

Affirmed.