## DARSEY v. DARSEY.
### No. 11798.

Court of Civil Appeals of Texas. Galveston.

July 25, 1946.

J. Farris Fish, of Matador, for appellant.

Dawson & Hatten and Alvin R. Dawson, all of Houston, for appellee.

MONTEITH, Chief Justice.

This suit was instituted by appellee, Vera Mae Darsey, for divorce from appellant, Dan Dale Darsey, upon allegations of cruel treatment and outrages towards her of such a nature as to render their further living together insupportable, and for custody and support of their minor child. The suit was filed in the district court of Harris County on January 10, 1946, two days after appellant had filed a suit for divorce against appellee in the district court of Motley County.

On February 4, 1946, appellant filed a plea in abatement of this suit, alleging the pendency of and prior filing of his suit for divorce against appellee in Motley County. Appellee filed an answer to said plea in abatement, alleging that appellant had fraudulently induced her to postpone the filing of a divorce suit against him for the purpose of enabling him to file his suit.

On the trial of the case before the court without a jury, with all parties present in person and by attorneys, judgment was rendered overruling said plea in abatement and granting the appellee a divorce from the appellant. The custody of their minor child was awarded to appellee and appellant was ordered to pay the sum of $30 per month for the support and maintenance of the child. No findings of fact or conclusions of law were requested by the parties or filed by the trial court.

Appellant bases his appeal upon three main points: (1) That the court erred in overruling his plea in abatement, based upon the fact that another and prior suit involving the same parties and the same subject matter was pending in the district court of Motley County; (2) that the evidence introduced by appellee was insufficient to show that appellee had resided in Harris County for a period of six months next preceding the filing of the suit; and (3) that the evidence introduced by appellees shows that appellant had not been guilty of any excesses, cruel treatment or outrages toward appellee since she had last lived with him as his wife, and that she had condoned the acts alleged as grounds for divorce.

■ It is the general rule in this state that the fact that a suit is pending in another county when a second suit involving the same parties and subject matter is brought does not automatically deprive the court of jurisdiction of the second suit, where it is established by proof that the plaintiff in the first suit filed, knowing that the defendant therein contemplates the bringing of a suit in another county, fraudulently induces him to postpone the filing of his suit in order that he may take advantage of the delay, thus fraudulently obtained, to forestall the plaintiff's contemplated suit by another suit in a different county. Mitchell v. Allis-Chalmers Mfg. Co., Tex.Com.App., 291 S.W. 1099; V. D. Anderson Co. et al. v. Young, Judge, et al., 128 Tex. 631, 101 S.W.2d 798.

In the instant case appellee alleged in her answer controverting appellant's plea in abatement that she had contemplated filing suit for divorce, but that appellant had prevailed upon her to enter into an agreement with him that neither of them would file suit for divorce until their child, who was at that time approximately one year of age, was six years of age. The trial court entered his order overruling said plea in abatement after a full hearing at which appellee testified fully as to the facts alleged.

■ It is the settled law in this state that where the record in a non-jury trial includes a statement of facts but no findings of fact by the trial court, the reviewing court must assume that every fact alleged and necessary to support the judgment rendered was found by the trial court, if supported by any evidence. Kinney v. Johnson, Tex.Civ.App., 135 S.W.2d 773; Wink v. Wink, Tex.Civ.App., 169 S.W.2d 721.

Appellant's contention that the evidence introduced by appellee is insufficient to show that appellee had resided in Harris County for six months next preceding the filing of her suit must be overruled. This suit was filed on January 10, 1946. The evidence shows that appellee and appellant were married in Colorado on May 27, 1944, while each of them was in the armed services of the United States. Appellee was a Second Lieutenant in the Nurses Corps. She was discharged from the Nurses Corps by reason of the fact that she was pregnant, and she immediately returned to Houston. She testified that while she and her husband were still in the army they selected Houston as the place where they were going to live, and that when her husband was discharged from the army in September, 1945, he came to Houston on his terminal leave and remained there until October 27, 1945; that on October 27, 1945, he left her to go to Motley County, taking some of her clothes and her baby's clothes with him; that later that day of October 27, 1945, she

received a telegram from him telling her to pick up her things at a tourist court in Marlin, Texas, and that she need never expect to see him again; that he called her on the telephone later and told her the best thing for her to do was to get a job and go to work; that he was not interested in her or the baby. Appellee testified that she had lived in Houston continuously since that time and that she had considered it her home.

 This evidence conclusively showed an actual, physical residence of appellee in Harris County for a period of more than a year and was clearly sufficient to support a finding that she was a bona fide resident of Harris County during that period, within the terms of the statute. When she permanently left her husband under what we deem to be sufficient provocation, she was free to choose her own residence. Curry v. Curry, Tex.Civ.App., 122 S.W.2d 677, and authorities there cited.

Appellee testified to numerous acts of cruelty on the part of appellant towards her; that appellant had asked her to leave him and told her that she nauseated him and made him have cramps in his stomach; that he told her to go to Houston and get a job and forget about him; and that he had been guilty of sexual excesses and outrages toward her that rendered their living together unsupportable.

It is the settled law of this state that under Article 4632, Revised Civil Statutes of 1925, a trial court is authorized to render judgment granting a divorce only upon full and satisfactory evidence sustaining the allegations of the petition. However, our courts have uniformly held that, in divorce cases trial courts are clothed with more discretionary power in determining the sufficiency or insufficiency of the evidence to warrant a decree than perhaps in any other form of action, and that a reviewing court may not revise that discretion in the absence of a showing of clear abuse thereof on the part of the trial court. Kreiter v. Kreiter, Tex.Civ.App., 137 S.W. 2d 184; Lloyd v. Lloyd, Tex.Civ.App., 107 S.W.2d 1047; Scannell v. Scannell, Tex. Civ.App., 117 S.W.2d 538; Caldwell v. Caldwell, Tex.Civ.App., 176 S.W.2d 758.

Under this record the judgment of the trial court, which was rendered on what we deem to be sufficient evidence, must be construed as an affirmative finding by the trial court that appellant had been guilty of the acts of cruelty and the conduct complained of by appellee.

It follows that the judgment of the trial court must be in all things affirmed; it will be so ordered.

Affirmed.