## YEATER v. YEATER.
### No. 4831.

Court of Civil Appeals of Texas. El Paso.
July 20, 1951.

Thomas J. Pitts, Odessa, Murray J. Howze, Monahans, for appellant.

Paul McCollum and McDonald & Sewell, all of Odessa, for appellee.

McGILL, Justice.

This is an appeal from a judgment of the District Court of Ector County, 70th Judicial District, which granted appellee, Mary Evelyn Yeater, a divorce from appellant, Glen Yeater; awarded her a fee of $350.00 as attorneys fees for services rendered in the case; awarded her the custody of three of the minor children of appellant and appellee; provided that appellant should pay to appellee the sum of $35.00 per month for the support of each of said three children, aggregating $105.00 per month for all of said children, and found that certain property was the community property of the parties and provided that such property be sold and the proceeds divided equally between the parties.

The suit was filed by appellant as plaintiff against appellee as defendant. The plaintiff alleged the marriage of the parties; the children born of the marriage; that the defendant had left the plaintiff with the children and had not returned, as she had done on several previous occasions. The prayer was for a judgment for decree of divorce, division of the community property, and that plaintiff be awarded the care and custody of the minor children. The defendant answered by special exceptions,

general denial; and by cross-action alleged cruel treatment by plaintiff toward defendant such as to render their further living together insupportable, and prayed that cross-plaintiff be granted a divorce from cross-defendant; that she be awarded the care and custody of the minor children and cross-defendant be ordered to pay a monthly sum for the support of such children, and for other and further relief. The plaintiff did not allege in his petition that he at the time of exhibiting the same was and had been for a period of twelve months an actual, bona fide inhabitant of this State and that he had resided in Ector County for six months next preceding the filing of said petition as required by Art. 4631, Vernon's Ann.Civ.St. The defendant and cross-plaintiff in her cross-action did not allege that she had these statutory qualifications or that the defendant had the same. The parties stipulated that upon the trial of the case "there was no proof that either the plaintiff or the defendant had resided in Ector County for six months next before the filing of the suit."

The failure of either party to allege or prove the qualifications as to inhabitancy or residence prescribed by Art. 4631, V.A.C.S., was not jurisdictional. Aucutt v. Aucutt, 122 Tex. 518, 62 S.W.2d 77, 89 A. L.R. 1198; Ex parte Scott, 133 Tex. 1, 123 S.W.2d 306, loc. cit. 313, 315–318; Buffaloe v. Buffaloe, Tex.Civ.App., 210 S.W.2d 429, wr. dis.; Mitchell v. Mitchell, Tex. Civ.App., 199 S.W.2d 699. The court had jurisdiction of the parties and of the subject matter. No question of jurisdiction is here involved. This is not a collateral attack on the judgment, but a direct appeal therefrom. The Statute is mandatory that where neither the plaintiff nor the defendant has the qualifications thereby prescribed, the court may not grant a divorce. 15 Tex.Jur., p. 531, Sec. 71; Swearingen v. Swearingen, Tex.Civ.App., 165 S.W. 16, wr. dis. In the absence of statutory qualifications as to the inhabitancy or residence of either party which would entitle them to maintain a suit for divorce the court erred in granting a divorce and all relief incidental thereto such as custody of the children, support for the children and division of community property. The award of attorneys fees we think is valid. Roberts v. Roberts, 144 Tex. 603, 192 S.W.2d 774. Under this decision the defendant was entitled to reasonable attorneys fees necessarily incurred to enable her in good faith to defend the suit for divorce brought against her by her husband. It is true that the recitals in the judgment may be construed as an award of attorneys fees to the defendant and cross-plaintiff which she incurred in prosecuting her cross-action for divorce in good faith, but the award is for cross-plaintiff's attorneys fee, and we think under Roberts v. Roberts, since she was entitled to reasonable attorneys fees for defending in good faith the suit brought against her by her husband, the fact that she prosecuted a cross-action for divorce which she was not entitled to maintain in the absence of allegation and proof of statutory qualifications should not bar her from recovering reasonable attorneys fees for defending the suit brought against her under the holding in Roberts v. Roberts, supra. It does not appear that the amount awarded is unreasonable for services incurred in such defense, and the finding that this sum was just and reasonable for services rendered by the attorneys we think is sufficient to sustain the judgment as to attorneys fees. By prosecuting her cross-action, she was defending the suit filed against her.

Appellee's second counterpoint to effect that appellant by his conduct precluded himself from contending that the proceedings in the trial court were not binding upon him is entirely without merit. Such a proposition would subject the decree of divorce to all the criticism directed against fly-by-night divorce suits instituted by birds of passage with no stability of residence in Charlton v. Charlton, Tex.Civ.App., 141 S. W. 290. In Charlton v. Charlton it was held that the statutory qualifications did not apply to a defendant seeking a divorce by cross-action in the original suit where such qualifications were alleged by the plaintiff. We are unwilling to extend the doctrine of this case so as to hold that a petitioner for divorce either as plaintiff or cross-plaintiff may satisfy the statutory requirements as to

qualifications by alleging and proving that the other party to the suit possessed the statutory qualifications.

It is therefore ordered that that portion of the judgment which awards the cross-plaintiff $350.00 as an attorney's fee against the cross-defendant be and the same is affirmed. In all other respects the judgment is reversed and the cause remanded to the trial court with instructions to dismiss the plaintiff's suit and the defendant's cross-action unless either the plaintiff shall allege and prove that he possesses the statutory qualifications as to inhabitancy and residence which entitle him to maintain a suit for divorce, or the cross-plaintiff shall allege and prove that she possesses such qualifications.

Affirmed in part, and in part reversed and remanded with instructions. All costs in this appeal will be taxed against appellant.