## SNODGRASS v. SNODGRASS.
### No. 10064.

Court of Civil Appeals of Texas.
Austin.

July 2, 1952.

O'Neal Dendy, San Angelo, for appellant.

W. E. Hall, San Angelo, for appellee.

GRAY, Justice.

Appellee filed this suit against appellant for a divorce and custody of the one child of their marriage. On March 14, 1952, a nonjury trial was had on appellee's second amended original petition filed February 1, 1952, and on appellant's answer. The date of the filing of the original petition is not shown except by the testimony of appellee that his "last" petition was filed November 28, 1951. The trial court's judgment granted appellee a divorce, awarded the custody of the child to its paternal grandparents, gave appellant the right to visit the child at reasonable and

convenient times, and required appellee to pay $50 per month for its support.

Findings of fact and conclusions of law were filed by the trial court.

The first two of appellant's four points are to the effect that the trial court erred in granting appellee a divorce because: (1) the evidence does not show he met the mandatory qualifications of a petitioner for divorce required by Art. 4631, Vernon's Ann.Civ.Stat., and (2) the evidence upon which the divorce was granted was not full and satisfactory. The other two points are to the effect that the trial court erred: (1) in awarding the custody of the child to the paternal grandparents because there is no credible evidence that appellant is an unfit person to have its custody, and (2) in finding that appellant was not a proper person to have the custody of the child because such finding is contrary to the preponderance of the credible evidence.

Art. 4631, supra, provides:

"No suit for divorce shall be maintained in the Courts of this State unless the petitioner for such divorce shall at the time of exhibiting his or her petition, be an actual bona fide inhabitant of this State for a period of twelve (12) months, and shall have resided in the county where the suit is filed for six (6) months next preceding the filing of same."

Appellee testified:

"I live at 215 East Harris, San Angelo, Texas, Tom Green County. My last petition was filed November 28th, (1951) and prior to that time I lived in Texas for at least one year and in Tom Green County for a period of six months, and reside in Tom Green County now."

He further said 215 East Harris was his home and his mother's home; that he paid his mother $25 per week for himself and his son, and:

"When my divorce decree was denied September 7th I was still working at the Rainbow Service Station on Pulliam here in San Angelo, and worked there around a month; after that I went to Wellington, Texas, at the Oklahoma line, this side of Vinson, Oklahoma. It was in November that I went up there and I stayed about four or five days and then went to Big Bend National Park and worked up there until about two weeks ago; I think it was around the 12th of November that I went there."

Appellee's testimony shows only that "prior" to the time his petition was filed he lived in the State for at least one year, in Tom Green County for six months, and that at the time of the trial he lived there. Except to say that it was prior to the time he filed his petition, his residence in Texas for one year is not fixed with reference to the time he exhibited his petition. He says he had resided in Tom Green County for six months but does not say such six months residence in Tom Green County was "next preceding the filing" of the petition. In any event the most that the testimony shows as to the residence of appellee "next preceding the filing" of his petition is a residence in Tom Green County beginning at some indefinite time prior to September 7, 1951, and extending to February 1, 1952,—at most a period of approximately five months.

Article 4631, supra, prescribes the qualifications to be possessed by a plaintiff bringing a suit for divorce. The existence of these qualifications is a question of fact to be proved at the trial and if they are not proved it is error to grant the divorce. Bomar v. Bomar, Tex.Civ.App., 229 S.W.2d 859. The fact that "prior" to the time appellee filed his petition for divorce he "lived in Texas for at least one year and in Tom Green County for a period of six months" does not meet the requirements of the statute. Haymond v. Haymond, 74 Tex. 414, 12 S.W. 90; Hunter v. Hunter, Tex.Civ.App., 286 S.W. 257. The rule of full and satisfactory evidence applies to the issue of residence as well as to the alleged grounds for divorce. Nolen v. Nolen, Tex.Civ.App., 196 S.W. 2d 529.

Because the proof as to appellee's residence in Tom Green County does not meet the statutory requirements, a reversal of

the judgment granting him a divorce must be ordered.

Prior to the filing of this suit appellee had filed his suit for divorce against appellant. On September 7, 1951, the cause was heard and the divorce denied by the same court that heard this cause. The record before us does not show the evidence heard in that cause and does not show the reason for the divorce being denied.

The child of the marriage was a boy born February 4, 1950, who at the time of the trial was approximately two years of age. Since about February 1, 1952, this child had been in the custody of his paternal grandmother, Mrs. L. B. Snodgrass, such custody having been obtained under a temporary order issued in this cause.

Art. 4639a, Vernon's Ann.Civ.Stat., requires that the court (in the event a divorce is granted and there are minor children of the marriage) make such orders for the custody and support of the minor children as their best interest may require. The issue of the custody of the minor in this cause arose as a part of the divorce proceeding, and it appears that the trial court disposed of the custody and provided for the support of the child as provided for in the above statute.

In the event the issue of divorce is not finally determined, the issue of custody of the minor may or may not arise.

Even though the issues of divorce and custody may be severable, that question is not presented here.

We think it would serve no useful purpose for us to here discuss the testimony of appellant and appellee and that of their supporting witnesses. The conflicts in the testimony, the credibility of the witnesses and the weight to be given to their testimony is a matter for the trial court. In the event of another trial, in passing on these matters, we call the trial court's attention to the recent case of Kershman v. Kershman, Tex.Civ.App., 248 S.W.2d 809, error ref. n. r. e.

The judgment of the trial court is reversed and the cause is remanded.

Reversed and remanded.