Maurice A. POSTLE, Appellant,

v.

Joan POSTLE, Appellee.

No. 3162.

Court of Civil Appeals of Texas.

Eastland.

June 3, 1955.

Rehearing Denied June 24, 1955.

634

Rodgers & Adams, Big Spring, for appellant.

Thomas, Thomas & Jones, Big Spring, for appellee.

GRISSOM, Chief Justice.

Joan Postle obtained a judgment against Maurice A. Postle for divorce, custody of their minor child and $100 per month for support of the child. Defendant appealed.

Maurice A. Postle is a captain in the United States Air Force. At the rendition of said judgment he was stationed at an air force base in Howard County, Texas. He was born in California, but moved with his family to Massachusetts when he was two years of age. He lived with his parents and completed high school in Massachusetts and entered the armed forces there in 1941, when he was about 18. He married plaintiff in Alabama in 1946. They lived at various air force bases in the United States until his transfer to overseas duty. Before leaving the United States for Korea in 1951, Captain Postle moved his wife and daughter to California where they lived in a house with his sister and family through the remainder of 1951, 1952 and part of 1953, while he was overseas. Plaintiff voted in California in 1952.

Captain Postle returned from Korea in June, 1953 and spent a month's furlough at the home of his sister and family in California with his wife and daughter. At the end of that furlough he was sent to the air force station in Howard County, Texas. He arrived there with his wife and daughter on July 4, 1953. They rented a house and lived together in Howard County, until May 13, 1954, when they separated. In May, 1954, the husband sued for divorce in California, alleging his residence had been in California for more than one year and in the county of suit for more than three months next preceding the filing thereof. A property settlement and custody agreement were entered into between the husband and wife on June 4, 1954. It was later incorporated in the California court's decree granting the husband an interlocutory judgment of divorce. Captain Postle was awarded custody of the child as provided in said agreement.

On July 16, 1954, Mrs. Postle filed this suit for divorce in Howard County. The family had lived there since July 4, 1953. Appellant's first point is to the effect that the evidence shows Mrs. Postle was not an actual bona fide inhabitant of Texas for a year, nor a resident in said county for six months next preceding the filing of the suit, within the meaning of Article 4631.

It is undisputed that the Postles did not live in Texas until July 4, 1953; that he

came to Texas and stayed there under military orders; that, before going to Korea, Captain Postle placed his wife and daughter in the home of his sister in California where they lived with his sister and family during part of 1951, 1952 and 1953, and where the Captain, in 1953, spent his month's furlough, after returning from Korea, as heretofore stated, and that Mrs. Postle voted there in 1952.

Mrs. Postle testified she came to Texas for two reasons, to be with her husband and because of her child's health; that she could have gone to Alabama for a long visit with her parents but her child suffered from chronic bronchitis and the climate in California and Alabama was inimical to the child's health and the dry climate of Texas was beneficial. She testified she had intended making Texas her permanent home ever since she came to Texas on July 4, 1953. It is undisputed that Captain Postle has been in the military service twelve years. He testified he never had any intention of making Texas his home and that if he had the right to establish a home it would be in California where his parents moved after he entered military service. There is nothing in the record contrary to this statement of his intentions. Their automobile was registered in California in 1954.

■ Mrs. Postle filed this suit two months and three days after she and her husband separated. The Postles had then actually been in Howard County more than one year. During the time they lived together the husband's intention to make or not to make a place his permanent home was controlling, so far as the intention of either affected the determination of their domicile. Living in a house in Howard County because he was required to do so as a member of the armed forces did not make that place the legal domicile of either. Since he had no intention of ever making Texas his permanent home it did not become the domicile of either within the meaning of Article 4631. The general rule is that a wife's domicile follows that of her husband. 28 C.J.S., Domicile, § 12, p. 24; Harwell v. Morris, Tex.Civ.App., 143 S.W.2d 809.

Ordinarily, under these circumstances, the domicile of the husband and wife would be in the state where he resided when he entered military service. Peacock v. Bradshaw, 145 Tex. 68, 194 S.W.2d 551, 554. Until there was a separation justified by the wrongful acts of the husband Mrs. Postle could not determine, contrary to the intention of her husband, that her domicile was in Howard County, Texas. Only after a wife permanently separates from her husband, under circumstances justifying it, is she free to choose her own domicile. Worden v. Worden, 148 Tex. 356, 224 S.W.2d 187, 190; Curry v. Curry, Tex.Civ.App., 122 S.W.2d 677, 678; Michael v. Michael, 34 Tex.Civ.App. 630, 79 S.W. 74, 76; Darsey v. Darsey, Tex.Civ.App., 196 S.W.2d 524, 526; Mortensen v. Mortensen, Tex.Civ. App., 186 S.W.2d 297, 300; 28 C.J.S., Domicile, § 12, p. 26.

■ Appellee contends the domicile of the husband is that of the wife only when he provides a "marriage domicile" where she may go and stay at will. Appellee has filed an excellent brief in support of this contention and cites authorities in support thereof. See 28 C.J.S., Domicile, § 12, p. 25. The wife's testimony is that ever since coming to Texas, more than twelve months before she filed suit, she intended to make Howard County, Texas, her permanent home. She contends she, thereby, showed her qualification to maintain this suit. The evidence shows that her husband was not an actual bona fide inhabitant of Texas for twelve months before the institution of this suit. There is no evidence he ever had any intention to make Texas his permanent home. See Morehouse v. Morehouse, Tex. Civ.App., 111 S.W.2d 831, 833. All the evidence of his intention is to the contrary. He provided her with a home until shortly prior to the filing of this suit, and, if he failed to furnish her a "marriage domicile", different from his domicile, whether Massachusetts or California, we think she was not thereby empowered, while living with him, to establish a different domicile for herself. We, therefore, overrule appellee's contention.

636

Article 4631 provides that no suit for divorce shall be maintained in Texas unless the petitioner shall at the time of filing her petition be an actual bona fide inhabitant of Texas for twelve months and shall have resided in the county where the suit is filed for six months next preceding the filing thereof. The wife had the burden of proving that she possessed the prescribed qualifications of a plaintiff to sue for divorce and, since she did not prove her qualifications, she cannot maintain this suit. Yeater v. Yeater, Tex.Civ.App., 243 S.W.2d 389; Snodgrass v. Snodgrass, Tex.Civ.App., 250 S.W.2d 624; Aucutt v. Aucutt, 122 Tex. 518, 62 S.W.2d 77, 89 A.L.R. 1198; Pappas v. Pappas, Tex.Civ.App., 146 S.W. 2d 1115.

Under the following authorities Captain Postle was not a resident of Howard County, Texas within the meaning of Article 4631: Grywalski v. Grywalski, Tex. Civ.App., 263 S.W.2d 684; Wilson v. Wilson, Tex.Civ.App., 189 S.W.2d 212, 215; Snodgrass v. Snodgrass, Tex.Civ.App., 250 S.W.2d 624; Gallagher v. Gallagher, Tex. Civ.App., 214 S.W. 516; Klingler v. Klingler, Tex.Civ.App., 254 S.W.2d 817; Perry v. Perry, Tex.Civ.App., 181 S.W.2d 133, 136; Wells v. Wells, Tex.Civ.App., 177 S.W.2d 348; Therwhanger v. Therwhanger, Tex.Civ.App., 175 S.W.2d 704; Hammerstein v. Hammerstein, Tex.Civ.App., 269 S.W.2d 591, 594; Forse v. Forse, Tex.Civ. App., 220 S.W.2d 342, 345.

In Commercial Credit Corporation v. Smith, 143 Tex. 612, 187 S.W.2d 363, 366, Judge Simpson quoted the following from 15 Tex.Jur. 716 with approval:

"'A soldier * * * does not acquire a new domicile merely from being stationed at a particular place in line of duty. His domicile remains the same as that which he had when he entered the service, unless he shows a change by proof of clear and unequivocal intention.'"

There was no such proof of a change. Since the husband, under the circumstances, had the right to determine the domicile of the family and he did not establish it in Texas, the wife had no right to establish a domicile here until about two months prior to the filing of this suit and then only in the event there was a permanent separation caused by the wrongful acts of the husband. Therefore, the judgment must be reversed and the cause remanded. Yeater v. Yeater, Tex.Civ.App., 243 S.W.2d 389, 390; Swearingen v. Swearingen, Tex. Civ.App., 165 S.W. 16, 18(W.D.); 15 Tex. Jur. 531; Pappas v. Pappas, Tex.Civ.App., 146 S.W.2d 1115, 1117. This conclusion makes it unnecessary to discuss alleged procedural errors, which need not occur on another trial.

The judgment is reversed and the cause remanded.