

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

JOHN BEN SHEPPERD
ATTORNEY GENERAL

June 28, 1956

Hon. Tom Reavley
Secretary of State
Capitol Station
Austin, Texas

Opinion No. S-207

Re: Voting rights of wives of
persons in military service.

Dear Mr. Reavley:

You state in your request for an opinion that since the adoption of the constitutional amendment of November 2, 1954, amending Sections 1 and 2 of Article VI of the Constitution, many members of the armed forces desiring to exercise their right to vote by absentee ballot have requested information regarding the status of their wives who are living with them at their present place of military service. The questions presented in your request are as follows:

1. Can the wife of a member of the armed forces maintaining legal residence in Texas acquire such legal residence by virtue of her marriage, never having actually been a resident of this State, nor of the county wherein the serviceman maintains his legal residence?

2. If the answer to the above question is in the negative, can the wife of the member of the armed forces who maintains a legal residence in Texas cast her absentee ballot in the county wherein she maintained legal residence prior to her marriage (assuming that she formerly resided in a county of Texas)?

3. If the answer to question number 1 is in the affirmative, then is it correct to assume that she must have been married to the service member for at least 12 months before she can vote?

4. If the answer to question number 1 is in the affirmative, would the wife of the member of the armed forces acquire legal residence in Texas by virtue of the marriage, even if she were not residing with the service member at his place of military duty?

The amendment of November 2, 1954, removed the voting disqualification previously imposed on members of the regular military establishments and added a provision reading as follows:

"Any member of the Armed Forces of the United States or component branches thereof, or in the military service of the United States, may vote only in the county in which he or she resided at the time of entering such service so long as he or she is a member of the Armed Forces."

In Attorney General's Opinion S-148 (1955) it was stated:

"The constitutional amendment does not change the rules for determining what place is the legal residence of the voter, nor does it mean that in all circumstances a person in military service will be entitled to claim a voting residence in the county of which he was a resident at the time he entered service. Place of residence is still to be determined in the same way as it has always been. Absence from the county or State for the purpose of performing military service does not of itself cause a loss of residence, but it is possible for a person to abandon his old residence and acquire a new residence during time of service."

It is seen that the restriction on voting by military personnel to the county of residence at the time of entering service has no direct bearing on the answers to your questions. Its only effect, so far as these questions are concerned, is to magnify the importance of the questions by increasing the number of instances in which they are relevant.

Residence for voting purposes means legal residence or domicile, as distinguished from actual residence or actual place of abode. Snyder v. Pitts, 150 Tex. 407, 241 S.W.2d 136 (1951). It has also been held that the place of residence of a married woman for voting purposes is where her husband resides. Harwell v. Morris, 143 S.W.2d 809 (Tex.Civ.App. 1940).

According to the common law rule, which prevails in Texas, the husband has the right to select the family domicile, and the family domicile is the domicile of both the husband and the wife. McGehee v. Boedeker, 200 S.W.2d 697 (Tex.Civ.App.

1947); <u>Postle v. Postle</u>, 280 S.W.2d 633 (Tex.Civ.App. 1955); <u>Stone v. Phillips</u>, 142 Tex. 216, 176 S.W.2d 932 (1944); 23 Tex. Jur., Husband and Wife, § 8. There are certain exceptions to this rule, as where there has been an abandonment or separation with the intention of no longer maintaining marital relations, but it is assumed in this opinion that the husband and wife intend to continue the marriage.

With respect to a person who has the right to select his domicile, there must be an intention to make a certain place his permanent home coupled with actual physical residence at that place before it becomes his domicile. <u>Snyder v. Pitts</u>, supra; <u>Major v. Loy</u>, 155 S.W.2d 617 (Tex.Civ.App.1941). Once the domicile is fixed, the person may thereafter have his place of abode at a different place under certain circumstances (e.g., while in military service) without losing this domicile, but there must have been an actual residence at the place of domicile before it becomes fixed, intention alone not being sufficient.

The courts of this State have held that the actual physical presence of a married woman is not essential to the establishment of her domicile, which is fixed by operation of law. In <u>Henderson v. Ford</u>, 46 Tex. 627(1877), it was held that upon the marriage in Alabama of a Texas resident with a woman who was a resident of Alabama, with the intention to make Texas their permanent residence, the wife immediately acquired a domicile in Texas although her husband did not return to Texas for several months and she did not come to Texas until two years thereafter:

"By the marriage, as has been said, Mrs. Bohanon acquired a domicile in Texas. Her temporary absence, with the consent of her husband, evidently did not deprive her of the rights to which she was thereby entitled."

A similar holding was made in <u>Clements v. Lacy</u>, 51 Tex. 150 (1879).

These cases involved homestead rights rather than voting rights. The crux of your questions is whether this rule also applies to voting rights. We have not found any square holding on this point in Texas, but dictum in <u>Harwell v. Morris</u>, supra, supports the same rule. In that case a woman who was a resident of Randall County married a man who had formerly lived in Oldham County but who at the time of marriage was living at Amarillo, in Potter County, where he was employed by the United States Government. The husband and wife established living quarters at Amarillo and had continuously

lived there since the marriage.  Both the husband and the wife
voted at an election in Oldham County, and their votes were
challenged in an election contest.  At the trial the husband
testified that he had no fixed intention to return to Oldham
County.  The Court of Civil Appeals held that neither the hus-
band nor the wife was a resident of Oldham County at the time
of the election, but said:

> "If it had been shown that Gene Halliburton still
> claimed Oldham County as his residence or that it was
> his intention to return there after his employment with
> the Soil Conservation Service had ceased, then neither
> his absence on the business of the United States nor
> the establishment by him and his wife of a residence in
> Amarillo in the manner in which they did would have
> forfeited their residence in Oldham County.  They still
> would have had the right to maintain their residence
> there if they desired to do so."

Thus it appears that the wife's residence for voting purposes,as
well as the husband's, would have been in Oldham County if that
had continued to be the legal residence of her husband, even
though she was not a resident of that county at the time of the
marriage and had not lived there since the marriage.

In other jurisdictions which follow the common law
rule, it has been held that the wife acquires the domicile of
the husband without her having actually lived at the place of
domicile. See 17 Am.Jur.,Domicile, § 38.  However, there are al-
so decisions to the effect that residence for voting purposes
and domicile are not synonymous.  See 18 Am.Jur., Elections,
§ 61.  In Dorsey v. Brigham, 177 Ill. 250, 52 N.E. 303 (1898),
it was held that a married woman, by operation of law, may have
a domicile in a place where she has never been, but that she
did not become a resident for voting purposes until she was
actually physically present at that place.  Also see Snyder v.
Callahan, 129 Atl. 410 (N.J.Circ.Ct. 1925).  In Wilkerson v.
Lee, 236 Ala. 104, 181 So. 296 (1938), the court said that the
domicile of the husband becomes the domicile of the wife upon
marriage, but that if the husband has merely a temporary abode
in the county where they live, being a resident and qualified
voter of another county, and the husband and wife establish
no family residence facto et animo prior to the date of the
election, the wife would still be a legal voter in her home
town.  But Campbell v. Ramsey, 150 Kan. 368, 92 P.2d 819, 832
(1939), held that a woman who married and moved to Washington,
D.C., where her husband was in the employ of the United States

Government (and who apparently had lived there ever since the marriage) could not vote in the place of her residence before her marriage. The court said that the legal residence of the wife was that of her husband, and his residence for the purpose of voting was the place which he regarded as his place of residence when he entered the service of the United States.

While the question is not free from doubt, either from the standpoint of precedent or from the standpoint of the purpose of the length-of-residence requirement, we are of the opinion that under the law in Texas the domicile of the wife fixes the place where she may vote, and that her physical presence is not essential to establish her right to vote there.

Your questions assume that a married man's legal residence may continue to be the same as it was before marriage although his wife has never actually lived at that place. This assumption is correct, but for clarification of this point some attention should be given to Article 5.08 of Vernon's Election Code, which provides that the residence of a married man is where his wife resides. This statute does not mean that the place of actual abode of the wife is determinative of the husband's residence. It means no more than that the place selected and established by the husband as the family domicile for the wife is also his domicile. In other words, the domicile or legal residence of the husband and the wife are the same, and the controlling factor in determining the domicile of the husband, where actual residence or claimed legal residence of the husband is at a different place, is the place he has selected and established as the domicile for the wife. Major v. Loy, 155 S.W.2d 617 (Tex.Civ.App.1941). In Harwell v. Morris, 143 S.W.2d 809, 816 (Tex.Civ.App. 1940), the court said:

"... It has been the law of this State since an early day that the place of residence of a married woman is where her husband resides. Lacey v. Clements, 36 Tex. 661; Henderson v. Ford, 46 Tex. 627; Haymond v. Haymond, 74 Tex. 414, 12 S.W. 90; Russell's Heirs v. Randolph, 11 Tex. 460.

"It has never been the law in Texas that the residence of the husband is drawn to that of the wife where they happen, for a time, to be at different places. /Citations./ The rule was not changed by the provisions of Art. 2958,R.C.S., 1925 /now Article 5.08, Vernon's Election Code/, which provides that the

> residence of a married man is where his wife re-
> sides.  That act was passed in 1905, long before
> suffrage was extended to women in Texas and had
> reference only to the residence of the husband,
> who, at that time, was the only member of the
> community who was entitled to vote, and it was
> designed only to provide a criterion by which the
> husband's residence could be definitely estab-
> lished in case of doubt as to his--not the wife's
> --residence.  It was never intended by the law
> makers to change the long established rule that
> the residence of the family is established by the
> will or conduct of the husband."

Also see Op. No. 1935, Report & Opinions of the Attorney Gener-
al of Texas, 1916-1918, p. 288.  Where the absence of the
husband from his fixed place of legal residence is under circum-
stances which do not cause a loss of residence (e.g., absence
in military service), the fact that his wife also has her place
of abode with him or at some other place during his absence
does not cause a loss of legal residence. Clark v. Stubbs, 131
S.W.2d 663 (Tex.Civ.App. 1939); McBride v. Cantu, 143 S.W.2d
126 (Tex.Civ.App.1940); Bray v. Peden, 213 S.W.2d 469 (Tex.
Civ.App. 1948).

In the light of the foregoing discussion, we shall
now answer your questions.

1. Your first question is answered in the affirmative.
In the eyes of Texas law, the wife of a member of the armed
forces who maintains his legal residence (domicile) in Texas
acquires the same legal residence by virtue of the marriage
without her having actually lived in this State or in the
county of her husband's domicile; and upon fulfilling the
length-of-residence requirements she could vote in this
State if otherwise qualified.  However, her status under Texas
law would not determine her status under the law of some other
State.  For example, if at the time of marriage the wife was
a resident of a State which recognized her right to select her
domicile or voting residence, she might still be considered a
resident of that State under its laws and entitled to vote
there.  Of course, if she votes in some other State she could
not also vote in Texas.

2. If at the time of marriage the wife was a resi-
dent of Texas but of a different county from her husband, up-
on marriage she loses her former residence and she cannot
thereafter vote in that county.  She can vote only in the
county and voting precinct where her husband maintains his
legal residence.

3. Your third question is answered in the affirmative. To be a qualified elector, a person must have resided in Texas for one year. Tex. Const. Art. VI, Sec. 2. The wife acquires a legal residence in Texas immediately upon marriage, but she cannot vote until she has held that status for one year.

4. Your fourth question is answered in the affimative. The serviceman's wife would acquire legal residence in Texas by virtue of the marriage, even though she was not living with the serviceman at his place of military duty. In the absence of an abandonment or a separation with the intention of no longer maintaining marital relations, the fact that the wife was not living at the place where the husband was stationed would be immaterial.

## SUMMARY

The wife of a member of the armed forces who maintains his legal residence in Texas acquires the same legal residence by virtue of the marriage without her having actually lived in this State or in the county of her husband's legal residence. Upon fulfilling the length-of-residence requirements she would be entitled to vote in this State if otherwise qualified.

If at the time of marriage the wife was a resident of Texas but of a different county than her husband, upon marriage she loses her former residence and she cannot thereafter vote in that county. She can vote only in the county and voting precinct where her husband maintains his legal residence.

APPROVED:

J. C. Davis, Jr.
Reviewer

W.V. Geppert
Reviewer

L.W. Gray
Special Reviewer

Davis Grant
First Assistant

John Ben Shepperd
Attorney General

Yours very truly,

JOHN BEN SHEPPERD
Attorney General

By *Mary K. Wall*

Mary K. Wall
Assistant

MKW:cm:vb