Carl VINSON, Appellant,

v.

Mae VINSON, Appellee.

No. 3811.

Court of Civil Appeals of Texas.

Waco.

Nov. 17, 1960.

Rehearing Denied Dec. 8, 1960.

T. B. Bartlett, Jr., Jack Welch, Marlin, for appellant.

Robert G. Carter, Marlin, for appellee.

TIREY, Justice.

This is a suit (nonjury) for a divorce and for partition of property. In the judgment we find this recital:

"* * * the court, having examined the plaintiff's petition for divorce and having determined that the same is in due form and contains all of the allegations and information required by law, and having heard the pleadings and the evidence, and being of the opinion that the material allegations of such petition are supported by the evidence and are true and that all of the requirements of the law have been complied with, and that plaintiff is entitled to the following judgment,"

and decreed that the bonds of matrimony between plaintiff and defendant be dissolved and granted the plaintiff a divorce from the defendant. The decree also adjudicated the property rights of the parties, not pertinent

to this discussion. The judgment is assailed on one point, it is:

"Where appellee failed to prove that she had been an actual bona fide inhabitant of the State of Texas for a period of twelve months, and had resided in Falls County where the suit was filed for six months, next preceding the filing of her petition, the trial court erred in granting a divorce to appellee and relief incidental thereto."

Appellant, in his brief, among other things says:

"Actually there is no testimony that appellee was an inhabitant of Falls County, Texas, and by her own testimony she had not resided in Falls County for six months next preceding the filing of her petition. It is her uncontroverted testimony that she moved to Waco about the 23rd day of March, 1960. The transcript shows her petition was filed on March 30, 1960. There is no evidence in this record that Mae Vinson, appellee, resided in Falls County, where this suit was filed, for six months next preceding the filing of her petition."

Appellant relies on the following authorities: Bomar v. Bomar, Tex.Civ.App., 229 S.W.2d 859; Haymond v. Haymond, 74 Tex. 414, 12 S.W. 90; Hunter v. Hunter, Tex.Civ.App., 286 S.W. 257; Lawler v. Lawler, Tex.Civ.App., 15 S.W.2d 684; Nolen v. Nolen, Tex.Civ.App., 196 S.W.2d 529; Snodgrass v. Snodgrass, Tex.Civ.App., 250 S.W.2d 624; Swearingen v. Swearingen, Tex.Civ.App., 165 S.W. 16; Tex.Jr. Vol. 15, page 531, Sec. 71; Vernon's Annotated Civil Statutes, Art. 4631; Yeater v. Yeater, Tex.Civ.App., 243 S.W.2d 389.

A statement is necessary. Appellee testified to the effect that she separated from her husband about three months before the trial and moved to Waco; that before their separation she had lived "Here at 810 Gift Street", and that they owned the home there, which was about five years old; that

she left the house under the orders of her husband who locked her out; that her husband was a contractor who constructed houses and moved into them and then sold them and then moved out; that they lived in every house they constructed except the one he constructed for Dick Severson; that he had constructed a house on Live Oak Street which he sold to Charles Parsons and lived in it seven months; that her husband took the money from the sale of the Parsons house and constructed the house on Gift Street which the parties owned at the time of the trial. The appellant testified to the effect that the home he owned at the time of the trial was constructed on the west 20 feet of Lot Seven and Lot Six in the Johnson Addition which he purchased from P. E. Arrington and R. F. Barnes (the name Barnes apparently should be Jones) and introduced deeds from Robert F. Jones et ux. and P. E. Arrington et ux., dated in the year 1957, conveying the property to him, and these were marked as his Exhibits K and L; that their home was completely furnished; that appellee's clothes were located in the home; that appellant's bank statements showed his address at 810 Gift Street in Marlin from January 22, 1958, through June 21, 1960. Sixteen exhibits were tendered in evidence, consisting of deeds, mechanic's liens and other instruments, each of which recited that the parties were residents of Falls County, Texas. There was no request for findings of fact and conclusions of law, and none were filed, nor did appellant move for judgment.

Before discussing the testimony we think we should bear in mind that the general Rule is that the issue of residence of the plaintiff in a divorce case is a fact issue to be determined by the Trial Court, and should not be disturbed on appeal unless there is a clear abuse of discretion; that in passing upon the sufficiency of the evidence as to residence, the reviewing Court will consider only testimony supporting the trial court's judgment. Another general Rule is to the effect that temporary

absence of the plaintiff from the county in which she resides during the six months next preceding the filing of this suit for divorce does not affect her right to file and maintain her suit. See Black v. Black, Tex. Civ.App., 185 S.W.2d 476, n. w. h., and cases there cited, points 1 and 2. This doctrine was re-announced by this Court in Gallagher v. Die, 260 S.W.2d 128, n. w. h. It is interesting to note that our Supreme Court in Haymond v. Haymond, 74 Tex. 414, 12 S.W. 90, on page 92, said:

> "We do not think that a temporary absence from the state or county of an inhabitant of the state during the six months next preceding the filing of his petition for divorce would affect his right to maintain it."

Our Supreme Court has not seen fit to change or modify the foregoing Rule.

■ Going back to the record, we think that a careful consideration of the testimony of the parties and the exhibits tendered support the Court's implied finding to the effect that Mrs. Vinson was a resident citizen of Falls County, and the State of Texas for more than one year, and for six months next preceding the filing of the suit. We quote the pertinent testimony of Mrs. Vinson with reference to this matter:

> "Q. When did you separate from Carl Vinson? A. Well, three months ago.
>
> "Q. Was that when you moved to Waco? A. Yes.
>
> "Q. Where had you lived before that? A. Here at 810 Gift Street.
>
> "Q. Did you own a home there? A. Yes, sir, we did.
>
> "Q. How long had you lived in that house? A. Oh, I guess it is about five years old.
>
> "Q. About how old? A. About five years old, I believe.
>
> "Q. What was the occasion of your separation from Mr. Vinson? A. He

got mean to me. I couldn't live with him. He told me to leave; so I left.

> "Q. When did he tell you to leave? A. The day I left, about the 23rd of March.
>
> "Q. Did he leave you a note and tell you to get out of the house? A. Yes, he did.
>
> "Q. After you left, did he lock you out of the house? A. Yes. He changed the locks, and didn't give me a key. I couldn't even get my clothes.
>
> "Q. Did you finally get your clothes? A. Yes, about a month later.
>
> "Q. Did you have to break in to get them? A. I had to break in a window.
>
> "Q. How many times has Mr. Vinson been married? A. He has been married five times.
>
> "Q. You say he was mean to you. What was the nature of that? A. He slapped me around.
>
> "Q. He slapped you around? A. Yes; he did.
>
> "Q. Could you reason with him and get him to quit slapping you around? A. No, when he gets mad, you can't reason with him."

The record shows that Mrs. Vinson filed her suit for divorce on March 30, 1960, which was seven days after she testified she moved to Waco. It is true that there is no direct testimony to the effect that Mrs. Vinson, before filing her suit, had abandoned Falls County as her home; nor is there any direct testimony to the effect that at the time she left Falls County and came to Waco that her absence from her home in Falls County was temporary. Since the issue of residence of the plaintiff in a divorce case is a fact issue to be determined by the trial court, can we say, as a matter of law, that the trial court, under the record here made, abused its discretion in making the implied finding that Mrs. Vinson

had been a resident citizen of Falls County, Texas, for six months next preceding the filing? We think the answer is "No." In passing upon the sufficiency of the evidence as to residence, it is our duty as a reviewing court to consider only the testimony supporting the trial court's judgment. See Nolen v. Nolen, Tex.Civ.App., 196 S.W.2d 529. The trial court had the duty under this record to determine whether or not the seven-day absence of Mrs. Vinson from Falls County was temporary or permanent. It was the court's view that her absence was temporary and he granted the divorce, and in effect held that she was qualified to prosecute and maintain a suit for divorce in Falls County. See Aucutt v. Aucutt, 122 Tex. 518, 62 S.W.2d 77, pt. p. 79, 89 A.L.R. 1198, Comm. of Appls. We thing the record here is sufficient to support the implied finding of the trial court, and that such implied finding is not so against the great weight and preponderance of the evidence as to be manifestly unjust under the doctrine announced in In re King's Estate, 150 Tex. 662, 244 S.W.2d 660. Accordingly, the judgment of the trial court is affirmed.