Jeanette HAGLE, Appellant,

v.

Arlen G. LEEDER, Appellee.

No. 11673.

Court of Civil Appeals of Texas.

Austin.

June 4, 1969.

Martin J. DeStefano, Austin, for appellant.

George A. Day, Brownwood, for appellee.

O'QUINN, Justice.

Jeanette Hagle appealed from action of the district court of Llano County overruling her plea of privilege to be sued in Potter County in a suit brought in August, 1968, by her former husband for change of custody of their two minor children.

The appellant and her present husband, Darryl Hagle, live in Las Vegas, Nevada, where he is stationed in the military service. Since her husband entered the service from Potter County, Texas, and has not changed his legal residence from that place, Mrs. Hagle urges that she is entitled to be sued in Potter County because her residence follows that of her husband.

Appellee Arlen G. Leeder, the former husband and father of the two children, contends that suit for change of custody lies in the county of residence of the legal custodian. The trial court found that Leeder at the time of hearing in November, 1968, was entitled to custody of the children "* * * and that the legal residence of said children was at the time of filing suit and at the time of this hearing * * * in Llano County, Texas * * *"

Appellant and appellee were divorced in a judgment of a district court of Travis County entered August 16, 1960. At that time the two children, both boys, were of pre-school age, one being four years old and the other fourteen months old. The trial court found that the best interest of the children would be served if they were

"* * * given into the custody of the Plaintiff [the mother] subject to such agreement as Plaintiff and Defendant may mutually enter into as to which parent the children shall live with during the school months * * *"

The judgment also decreed "* * * that the care, custody and control of said children be granted to Plaintiff * * *" with each parent "* * * having the right to visit the said children at reasonable times and places while the children are living with * * *" the other parent.

It was shown at the hearing on the plea of privilege that appellant and appellee at the time of their divorce in 1960 made an agreement, which was set out in the petition filed by the wife and made known to the trial court, regarding custody of the children. The agreement was that during pre-school years the boys would live with their mother nine months and with their father three months during the summer, but that when they reached school age, the arrangement would be reversed and the boys would live with their father during the school months, September through May, and with their mother in the summer.

There was also testimony that appellant had voluntarily placed the boys with their father early in the summer of 1968 and that they were living with him in Llano County when suit was brought to change custody. The children were still living with their father in October, 1968, when appellee filed his amended petition which was before the court when the plea of privilege was heard in November, 1968.

The trial court, in overruling the plea of privilege, found that the judgment of divorce "* * * referred to an agreement that Plaintiff and Defendant entered into as to which parent the children shall live with during the school months * * * that such agreement was to the effect that * * * [the father] would have the care, custody and control of the two minor children * * * during the months of the year known as school months, to wit:

September through May, at such time that such children reach the school age * * * that such children are of school age and that under such agreement, for purposes of venue only, the said Arlen G. Leeder is entitled to custody of said children * * *"

It was shown at the hearing through written interrogatories of Darryl Hagle that he was inducted into the military service at Amarillo, Potter County, Texas, and that his permanent address during nine years of service and at the time of the hearing was Route 3, Box 418, Amarillo, Texas. It was also shown that Hagle and the former Jeanette Leeder, the appellant, were married in January, 1965, and were still living together as man and wife.

In the absence of affirmative showing that a person in the military service has taken action to change the residence had at the time of entering the service, there is a presumption that the residence remains where it was when the person entered the military service. The residence is not changed merely by entry into the service. Peacock v. Bradshaw, 145 Tex. 68, 194 S.W.2d 551; Commercial Credit Corporation v. Smith, 143 Tex. 612, 187 S.W.2d 363; Postle v. Postle, 280 S.W.2d 633 (Tex.Civ.App., Eastland, no writ). The general rule is that the wife's domicile will follow that of her husband. The domicile of the husband in the service, and of his wife living with him, will be in the state and county from which he entered the service if no change has been shown. Postle v. Postle, supra.

The divorce judgment of 1960 made both parents legal custodians of the two minor children, with periods of custody divided between the parents based upon school months. The suit brought by appellee, the father, in Llano County seeks to relitigate custody of the children as shown by his alternative pleadings and prayer. Under the circumstances, appellant was entitled to be sued in the county of her residence.

It is well settled that venue of a suit to modify a decree relating to the custody of children on the ground of alleged change of conditions lies in the county of the residence of the defendant. Green v. Spell, 191 S.W.2d 92, approved by Supreme Court, 144 Tex. 535, 192 S.W.2d 260 (1946); Lakey v. McCarroll, 134 Tex. 191, 134 S.W.2d 1016 (1940); Houseman v. Mahin, 390 S.W.2d 732 (Tex.1965); Ellington v. Floyd, 255 S.W.2d 948 (Tex. Civ.App., Galveston, 1953, no writ).

The judgment of the district court overruling appellant's plea of privilege is reversed, and judgment is here rendered that the plea of privilege be sustained, with instructions that the cause be transferred to an appropriate district court in Potter County, Texas, for further proceedings.

Judgment reversed and rendered.