**Albert Clyde STACY, Appellant,**

v.

**Carolyn Doris STACY, Appellee.**

**No. 5133.**

Court of Civil Appeals of Texas, Waco.

April 20, 1972.

Rehearing Denied May 25, 1972.

---

2. See 6 Baylor Law Review 520 (1954).

C. O. McMillan, Sam Cleveland, Stephenville, for appellant.

Bob L. Thomas, Waco, for appellee.

## OPINION

James, Justice.

This is a divorce case. Mr. and Mrs. Stacy were married in 1967, and thereafter made their home in Erath County, Texas, at least until January 5, 1971. The record shows that at said last-named date, Mrs. Stacy permanently separated from her husband because of his abusive conduct towards her; whereupon she took their two-year old daughter and went to the home of Mrs. Stacy's parents in McLennan County, Texas, and they thereafter made their home with Mrs. Stacy's parents; that she took with her some items of household property and personal effects, and in addition thereto, she rented some storage space in McLennan County and stored some of her furniture; that she changed her mailing address to McLennan County, and engaged in some self-employed work in McLennan County; that between January 1971 and June 1971 she at all times intended that her home be in McLennan County; however, she never told Mr. Stacy that she was separating from him at all, and the first time he knew of this was when he was served with citation in her first suit for divorce in June 1971, as more particularly hereinafter discussed; that between said January and June, she and the child would make temporary trips or visits to Erath County but at no time did she sleep with Mr. Stacy; that between January and June on trips back and forth she continued to bring personal and household property from Erath County to McLennan County; that

in June 1971, she hired a lawyer from Marlin, Texas, to file a suit for divorce. The Marlin lawyer filed the suit in Erath County, and citation was served upon Mr. Stacy. This was Mr. Stacy's first knowledge that she was separating from him. Mr. Stacy was a truck driver who apparently made long hauls and who was away from home several days at a time, and this accounts for the fact that he probably did not know between January and June 1971, that Mrs. Stacy had quit him in January and had changed her residence from Erath County to McLennan County, Texas.

When Mrs. Stacy learned that her divorce suit had been filed in Erath County, she "fell out" with the Marlin lawyer and discharged him, and hired a lawyer from Waco, Texas, to be her lawyer.

Mrs. Stacy's new lawyer prepared a motion to dismiss the Erath County suit and sent it to the District Clerk of Erath County and a copy of an order of dismissal with the Judge's name signed to it was returned to the Marlin lawyer. At about this same time, to-wit, on August 13, 1971, her attorney filed a divorce suit for Mrs. Stacy in McLennan County, (from which this appeal is prosecuted) pursuant to which a citation was served on Mr. Stacy on September 30, 1971, and the citation, together with attached copy of Mrs. Stacy's petition, was delivered to Mr. Stacy's attorney of Stephenville, Texas, not later than October 2, 1971. Mr. Stacy's attorney did not at any time file any answer or make any appearance in the McLennan County case until after the entry of judgment in the McLennan County case. The transcript shows two judgments of divorce entered by the McLennan County Court, apparently identical except that one is dated October 25, 1971, and the other is dated October 27, 1971. The record does not reflect any reason why there are two judgments entered, and since no question is raised in this regard, we will assume the last one entered is the trial court's judgment.

Meanwhile, back in Erath County on August 25, 1971, (subsequent to the order of dismissal above referred to) Mr. Stacy's lawyer filed a cross-action for him, pursuant to which Mrs. Stacy was served with citation. Her lawyer filed a pleading called a special appearance challenging the jurisdiction of the Erath County Court, with copies furnished to Mr. Stacy's counsel. The District Judge of Erath County set a hearing on the special appearance plea for October 21, 1971, and then her lawyer called the District Judge by long distance telephone and requested that the hearing be postponed one week, until October 28, 1971, in order to enable him, Mrs. Stacy's lawyer, to attend the County Judges' Convention to be held in San Antonio, Texas. This request was granted. Mrs. Stacy's lawyer did attend the County Judges' Convention, but also during that same week, to-wit, on October 25, 1971, he went into the McLennan County District Court with his client, presented testimony, and obtained a default judgment in which a divorce was granted, as well as containing provisions for child custody, visitations and support, and disposition of community property. The testimony supporting the default judgment was not recorded.

Appellant-Defendant Mr. Stacy filed a motion for new trial in the McLennan County case on November 2, 1971, in which he moved the court to set aside the default judgment, grant a new trial and dismiss the case, and in which he reviews most of the background facts and then in paragraph six (6) he alleges the basis for his motion for new trial in the following language:

"The basis for the motion to set aside such judgment is that the said Carolyn Doris Stacy did not have the residential requirements of six-months' residence in McLennan County at the time of presentation of her case to the court and further, under the circumstances, the presentation of such case to the court at such time constitutes a fraudulent presentation and should be set aside."

Hearing was had on the motion for new trial on December 2, 1971, in which witnesses were heard and stipulations were entered into, all without the benefit of a court reporter. Neither side requested that a record be made, and none was made.

The trial court took no formal action on the motion for new trial, to the end that it was overruled by operation of law after forty-five days from the date of filing thereof, to-wit, on December 18, 1971.

The parties were unable to agree upon a statement of facts, whereupon the trial court prepared a statement of facts covering both the default judgment hearing as well as the hearing on motion for new trial and certified same on February 10, 1972, same being a portion of the record herein.

Appellant-Defendant Mr. Stacy assails the trial court's judgment on three points of error which may be summarized by his contention that plaintiff Mrs. Stacy had not lived in McLennan County six months either at the time her McLennan County petition was filed or at the time the default judgment was entered, and that the presentation of her suit for divorce amounted to a fraudulent presentation. Appellant's contention in effect is that Mrs. Stacy could not have possibly become a bona fide resident of McLennan County until June 1971, when she filed her McLennan County suit for divorce. We overrule these contentions and affirm the trial court's judgment.

*Section 3.21* of the Family Code requires the petitioner in a divorce suit to have been a domiciliary of this state for twelve months and a resident of the county in which the suit is filed for six months next preceding the filing of Plaintiff's petition. The provisions of this section were formerly embodied in Article 4631, VATS, and have been held to be mandatory. McKinney v. McKinney (Amarillo CA 1954) 274 S.W.2d 908, no writ history.

*Section 3.64* of the Family Code provides: "The court shall base its decree for divorce or annulment on full and satisfactory evidence." This provision was formerly embodied in Article 4632, VATS.

However, the issue of Plaintiff's residence in a divorce case is a fact issue to be determined by the trial court and should not be disturbed on appeal unless there is a clear abuse of discretion, and in passing upon the sufficiency of the evidence as to Plaintiff's residence, the reviewing court should only consider testimony supporting the trial court's judgment. Vinson v. Vinson (Waco CA 1960) 340 S.W.2d 562, no writ history; Nolen v. Nolen (Austin CA 1946) 196 S.W.2d 529, no writ history. Moreover, a temporary absence from the state or county of a Plaintiff who is an inhabitant of the state during the six months next preceding the filing of his petition for divorce has been declared by our Supreme Court not to affect his right to maintain his suit for divorce. Haymond v. Haymond (Sup.Ct. 1889) 74 Tex. 414, 12 S.W. 90.

When a wife permanently leaves her husband under sufficient provocation, she is free to establish her own residence. Darsey v. Darsey (Galveston CA 1946) 196 S.W.2d 524, no writ history; Curry v. Curry (Austin CA 1938) 122 S.W.2d 677, no writ history.

In the case at bar, the trial court impliedly found, inter alia, that Mrs. Stacy had been a resident of McLennan County for six months at the time her McLennan County suit was filed, and we cannot say that in making this finding the trial court abused his discretion. We have carefully reviewed the entire record, and conclude that this finding has support in the evidence, even though the evidence is conflicting in some particulars.

Since this appeal was from an overruling of Defendant's Motion for New Trial by operation of law, and in which Defendant sought to set aside a default judgment, the rule enunciated by our Su-

**483**

preme Court in *Craddock v. Sunshine Bus Lines* (Sup.Ct.1939) 134 Tex. 388, 133 S. W.2d 124, comes into play: "A default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or accident; provided the motion for a new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff." The *Craddock* rule has been further clarified and reaffirmed by our Supreme Court speaking through Chief Justice Calvert in *Ivy v. Carrell* (Sup.Ct. 1966) 407 S.W.2d 212.

In the case at bar, Appellant does not allege in his motion for new trial, nor does he offer any proof by affidavit or evidence, as to why he did not file an answer.

Appellant had the burden of showing (that is, by pleading as well as by supporting affidavit or evidence) that his failure to answer was not intentional, or the result of conscious indifference on his part, but was due to a mistake or accident. This burden was not met by Appellant. Moreover, Appellant had the burden under *Ivy v. Carrell* of *setting up* a meritorious defense in his motion, with the allegation of *facts,* and not mere conclusions which would constitute a defense to the Plaintiff's cause of action, supported by affidavits or other evidence proving prima facie that the defendant has such meritorious defense. Here, the Appellant makes no such allegations or proof except his effort to show that Plaintiff had not met her six-month residence requirement, as discussed earlier in this opinion. In view of Appellant's failure to discharge the burden placed upon him by the *Craddock* and *Ivy* cases, we are obliged to overrule his contentions and affirm the trial court's judgment.

Affirmed.